BOWER *v.* TOWN.

## Henry Bower v. Reuben Town and another.

*Dissolution of attachment: plea in abatement.*—The only mode, by which a defendant in attachment can contest the truth of the facts stated in the affidavit upon which the attachment was issued, is by an application to the circuit court commissioner for a dissolution of the attachment, under the act of April 7, 1851, Comp. L. § § 4773 to 4776.

Where, therefore, an attachment was issued on an affidavit which alleged that defendant had disposed of his property with intent to defraud his creditors, and the defendant interposed a plea in abatement that he had not disposed of his property with intent to defraud his creditors, it was held that the plea was properly stricken from the files.

*Heard November 3d*, 1863. *Decided January 8th.*

Error to Washtenaw Circuit.

This suit was commenced by attachment by the defendants in error, against Henry Bower, the plaintiff in error. Declaration in assumpsit on promisory notes, with the common counts annexed, was filed, and to this declaration a plea in abatement was interposed. The writ of attachment was issued on the affidavit of one of the plaintiffs, stating, after alleging the indebtedness of the defendant, that the affiant had "good reason to believe that the said Henry Bower has assigned and disposed of his property with intent to defraud his creditors." The plea in abatement alleges that defendant had not assigned and disposed of his property with intent to defraud his creditors, at the time said affidavit was made, nor since; and that the affiant had not then, or before, or since, good reason to believe that the defendant had assigned and disposed of his property with intent to defraud his creditors, and prays judgment, &c. This plea, duly verified by the affidavit of the defendant, was, on motion of plaintiff's attorney, stricken from the files of the Court, as frivolous. Judgment was subsequently entered for plaintiffs, for want of plea.

*A. Felch* and *O. Hawkins* for plaintiff in error:

B O W E R *v.* T O W N.

1. The statute treats the writ of attachment as an extraordinary process for the commencement of a suit. It is given only in special cases. The plaintiff has a right to it only when the special circumstances exist which are enumerated in the statute.

A plea in abatement is the proper method in all cases to try the question whether the plaintiff is rightfully in court. If he is not, the defendant has no occasion to answer to the merits of his claim, and may abate the suit.

2. The fact that enough is stated in the affidavit to entitle the plaintiff, *prima facie*, to the writ, does not preclude subsequent inquiry into the truth of the statement.

It may be well that the ministerial officer issuing the writ shall not be authorized to look beyond the face of the affidavit, but no court can be compelled to retain a cause in court which comes there only by a grace given to perjury.

The Court will look behind the affidavit, and if the cause alleged in it be found untrue, will abate the suit.

3. The truth of the fact, alleged in his affidavit by the plaintiff for obtaining the attachment, is allowed to be contested by the courts in most, if not all the States of the Union.

The manner of presenting the question is not uniform, but the right in some method to go behind the affidavit is uniformly admitted when not prohibited by statute.

Thus, in New York an attachment improvidently issued was disposed of by *supersedeas* from the Supreme Court, on showing the falsity of the affidavit on which it was obtained: — 3 *Caines*, 257; 1 *Wend.* 66; 3 *Wend.* 424. It is now done under the code in that State by special motion, although the code gives no special authority for that proceeding: — 7 *Barb.* 656; 12 *Barb.* 265.

In Pennsylvania it is heard on motion, and the alleged facts are controverted by affidavits: — 1 *Dall.* 165 ; 2 *Yeates,*

277. So in New Jersey: — 1 *Green*, 250; 1 *Green*, 131; 3 *Harr.* 287. So in Maryland: — 3 *H. & McH.* 535. So in South Carolina: — 2 *Nott & McC.* 130; *Ibid.* 323; 1 *McCord*, 331.

4. The plea in abatement is a proper method of presenting the objection to the action. So held in South Carolina: — 1 *McCord*, 331; 2 *Nott & McC.* 130. In Tennessee: — 3 *Sneed*, 536; 7 *Hump.* 465; 3 *Yerg.* 414; 1 *Humph.* 420; 4 *Humph.* 346. In Kentucky: — *Hardin*, 65 and *n.*; 6 *Dana*, 289; *Ibid.* 321. In Indiana: — 6 *Blackf.* 232; 7 *Ibid.* 573. In Illinois: — 1 *Ill. Appx.* 25; 10 *Ill.* 31. In Virginia: — 2 *H. & M.* 312. In Ohio: — 1 *Ohio Cond.* 244. In Missouri: — 17 *Mis.* 32; 5 *Mis.* 544; 21 *Mis.* 296. In Alabama: — 3 *Stew.* 226.

These cases were decided in States where no statutory provision interfered to give or prohibit any such authority for the adjudication: — *Drake on Attachments*, § 406.

5. This question is not affected by the statute (*Comp. Laws*, § 4773 *et seq.*) giving the right to move for a dissolution of the attachment, before a Judge at chambers or the circuit court commissioner.

That statute is designed as a speedy and summary remedy out of court, for the release of property attached. It does not necessarily affect the action, but only releases the property, leaving the party and the suit still in court. It is a relief to the defendant — summary and speedy — but partial and imperfect. That which is sought by the plea in abatement is in the ordinary course of legal proceedings, before the regular judicial tribunal, where decisions are of record and subject to review by the Supreme Court.

*Maynard & Meddaugh* for defendants in error.

CHRISTIANCY J.:

The motion to strike from the files the plea in abatement was properly granted. The proceeding by attachment

under our statute is two-fold, *in rem*, and *in personam*. The writ is a summons as well as an attachment. When there is no personal service upon the defendant, and he does not appear in the suit, the proceeding is strictly *in rem*, and no property except that attached can be taken in execution. When the defendant has been personally served, or has appeared, the proceedings in the suit are to be the same in all respects as upon the return of a summons personally served in a suit commenced by summons: — *Comp. L.* § 4758; and the execution may be levied upon the property of the defendant generally, as in other cases.

Chapter 114 of the Revised Statutes of 1846, and the amendatory act of April 7, 1851 — *Comp. L.* §§ 4773 to 4776—must be construed together. And, since the passage of the latter (whatever might have been the case before), the dissolution of the attachment on the ground set up in the plea, and the delivery of the property to the defendant, does not affect the plaintiff's right to proceed with the suit in the same manner as if commenced by summons, if the defendant has appeared in the suit or enters his appearance under the order of the Judge or commissioner hearing the application for dissolution.

And the only mode in which the defendant can avail himself of the matter set up in the plea in this case, is, by an application for a dissolution of the attachment in the manner provided by this amendatory act.

The judgment of the Court below must therefore be affirmed, with costs.

The other Justices concurred.