PETER WOOLKINS v. KAYUS HAID.

*Attachment—Neglect of statutory conditions.*

Judgment by default in a suit by attachment in which there has been no actual service or appearance, cannot be taken until the plaintiff has strictly complied with all precedent conditions imposed by statute. So *held* where declaration was filed before the expiration of the six weeks during which notice to appear must be published and before the filing of the affidavit of publication, and where, furthermore, the rule for default was entered before the expiration of 30 days from the filing of such affidavit, although final judgment was not rendered until a sufficient time had passed.

Error to Berrien. Submitted Oct. 6. Decided Oct. 18.

ATTACHMENT. Defendant brings error. Reversed.

*George S. Clapp* for appellant. Default and default absolute cannot be entered on the same day in a suit begun by attachment: Circuit Court Rules 21 and 23; nor can default be entered in less than full 30 days: *Thompson v. Thomas* 11 Mich. 275; *Wells v. Walsh* 25 Mich. 344; *Wilcox v. Sweet* 24 Mich. 357.

*Roscoe D. Dix* and *Edward Bacon* for appellee. What might have been amended or might have done nunc pro tunc in the court below, may here be deemed already done and perfected: *Emery v. Whitwell* 6 Mich. 474; *Shaw v. R. R. Co.* 101 U. S. 566–7; *Cook v. Perry* 43 Mich. 625; *Elliott v. Preston* 44 Mich. 189; *Norvell v. McHenry* 1 Mich. 233–4; *Morse v. Hewett* 28 Mich.

491; *Rawson v. Parsons* 6 Mich. 406: defects as to assessment and otherwise were held cured: *Beeson v. Hollister* 11 Mich. 194; the absence of any finding by the court where there should have been one was held immaterial where no injury was done: *Slocomb v. Thatcher* 20 Mich. 56; so with a rule to plead within ten days instead of twenty days: *Howe v. Maltz* 35 Mich. 500; a gross mistake in the sheriff's return as to serving a copy of a note sued upon was deemed corrected: *Hammond v. Baker* 39 Mich. 473; neglect to file declaration till after service thereof on the same day was held immaterial: *Blanck v. Ingham Circuit Judge* 44 Mich. 98; omission to enter discontinuance as to certain defendants, and amend the declaration accordingly was held cured: *Cook v. Perry* 43 Mich. 623.

GRAVES, C. J. December 22, 1880, the plaintiff proceeded against the defendant by attachment from the circuit court under chapter 114 of the Revised Statutes of 1846; 2 Comp. L. p. 1803.*

---

* (6414) Sec. 18. If it appear by the return of such writ that any property has been attached thereon, and that neither of the defendants could be found, the plaintiff shall, within thirty days after such return, * * * cause a notice to be published in some newspaper printed in the county for which said circuit court is held, * * * which notice shall state the names of the parties, the time when, from what court, and for what sum the writ was issued, and when the same was returnable, and shall be published for six successive weeks; and if any plaintiff shall neglect to cause such notice to be so published, as required in this section, the attachment shall be dismissed with costs.

(6416) Sec. 20. If a copy of the attachment shall not have been served upon any of the defendants, and none of them shall appear in the suit, the plaintiff, on filing an affidavit of the publication of the notice hereinbefore required for six successive weeks, may file his declaration in the suit, and proceed therein as if a copy of such attachment had been served upon the defendants.

(6418) Sec. 22. When a copy of the attachment shall have been personally served on the defendant, or such defendant shall have appeared in the suit, judgment shall be rendered, and execution shall issue thereon, in the same manner and with the like effect as in a suit commenced by summons, in which the summons shall have been returned personally served, except that, etc. * * *

(5732) Sec. 11. Writs of summons shall be served by showing the original writ to the defendant, and delivering to him a copy thereof; and on the return of the writ personally served, the defendant shall be considered in court, and may be proceeded against accordingly.

(6425) Sec. 29. The practice in actions commenced by attachment, shall be the same in all respects as in personal actions commenced by summons, as near as may be, except as otherwise provided by law.

The writ was made returnable on the 4th of January, 1881, and was levied on certain lands. The sheriff returned that he was not able to find the defendant and no service on the person was effected. The defendant not appearing the plaintiff caused a notice to be published from the 29th of January to the 12th of March and on the last-named day filed his declaration. March 16, 1881, an affidavit of the publication of the notice was filed, and at a later time the plaintiff entered a rule which is not dated purporting to default the defendant. April 16, 1881, a rule was entered to make such default absolute and for judgment interlocutory. It was recited in this rule that more than one day in term had elapsed since the entry of the former one. The record consequently explains itself so far as to show that the default on which the subsequent proceedings were based was taken prior to the 15th of April and hence before the arrival of legal time. April 20th the clerk assessed the damages and on the same day judgment final was entered.

The plaintiff admits that the rule for default was premature but he contends that as sufficient time had elapsed when final judgment was entered the mistake was a harmless irregularity and was cured by the statute. Rev. St. 1846, ch. 104.

In suits by attachment where no actual service has been obtained nor any real appearance made a scrupulous adherence to the settled course of practice has always been required, and the plaintiff has uniformly been held to a strict compliance with all conditions precedent to a judgment by default. *Thompson v. Thomas* 11 Mich. 274; *Wells v. Walsh* 25 Mich. 344; *Millar v. Babcock* 29 Mich. 526; *King v. Harrington* 14 Mich. 532. The default here entered was wholly unauthorized and has no force. The proceedings derive no

Circuit Court Rule 16. In all suits commenced by original writ, the plaintiff shall file his declaration within twenty days after the return-day of the writ. Within ten days after the time limited for filing the declaration, the defendant may cause notice of his appearance, or of retainer, to be served on the plaintiff. * * *

Rule 21. If either party shall make default in filing and serving any pleading or notice within the time limited by rule, the opposite party may have the default entered in the common rule book.

support from it.   But as there was no actual service and no appearance in fact a valid default was a needful preliminary to the final judgment.   It could not be dispensed with. Unless the defendant was ascertained to be in default he could not be deemed to have admitted the validity of the demand, and the right to proceed as though he had could not be assumed.

The judgment must be reversed with costs.

The other Justices concurred.