ALONZO ROLFE v. THOMAS DUDLEY, EGBERT J. DAVIS AND ALBERT W. BRADFORD.

*Justice's courts—Attachment—Substituted service—Trover for goods taken under void judgment—Partnership liability, in tort.*

1. Where the circuit judge who signs a bill of exceptions certifies that it contains the substance of all the evidence, the verdict will be presumed to be warranted by the evidence if it stated that any was introduced tending to prove the material issues.

2. Substituted service of a writ of attachment by leaving a copy with defendant's wife at his last place of residence will not give a justice jurisdiction over his person; and a personal judgment on such service is void.

3. Trover will lie for property taken under a void judgment, not only against the constable who seized it, but against the judgment creditors if they took part in the proceedings after judgment. So *held*, where the creditors were the members of a firm, and one of them received the property, and refused to give it up while the other declined to do anything about it, but referred the owner to his partner.

4. Whatever one partner does in the collection of a firm debt is presumptively done with the other's consent.

Error to Wayne. (Chambers, J.) June 19.—Sept. 29.

TROVER. Defendants bring error. Affirmed.

*Shaw & Mathews* for appellants.

*Geo. II. Prentis* for appellee.

CHAMPLIN, J. The plaintiff brought trover to recover damages for the alleged conversion of a three-springed

phaeton. The defendants pleaded the general issue, with notice of justification under a valid writ of attachment issued by a justice of the peace.

The circuit judge certifies in the bill of exceptions that the bill contains the substance of all the evidence and proceedings in the cause had on the trial. The evidence is not set forth, but it is stated that evidence was introduced tending to prove certain facts stated in the bill of exceptions. In such cases it will be presumed that the verdict of the jury is warranted by the evidence, where any was introduced tending to prove the material issues in the case.

The plaintiff, to maintain the issue on his part, introduced evidence tending to show that in April, 1882, while he was temporarily absent from his home in the city of Detroit, the defendant Albert W. Bradford took from plaintiff's place of business in said city a three-spring top buggy or phaeton, which the plaintiff was the owner of; that early in May, when he returned home, he demanded the buggy from defendant Bradford, who refused to give it up; that Bradford at this time, after refusing to give it up, told plaintiff he had taken the buggy for the defendants Dudley and Davis, who were partners under the firm name of Dudley & Davis, and that he, Bradford, was acting under their instructions, and that plaintiff would have to see them about the matter; that plaintiff called on defendant Davis after this, and demanded the buggy from him, and Davis said he would have nothing to do with it; that plaintiff must see his partner Dudley, in relation to it; that plaintiff then called upon defendant Dudley, and demanded the buggy, and Dudley refused to give it up; that the buggy had not been returned to him, the plaintiff, and that it was worth at the time of taking, $250.

The defendants then introduced the files and record in a suit commenced by attachment before a justice of the peace by defendants Dudley and Davis, as copartners, to recover a debt due to them from the plaintiff. The affidavit for the writ was sworn to by Davis, and the writ was delivered to the defendant Bradford, who was a constable, to serve. The writ was issued April 10th, 1882, and was returnable April

17th, 1882, at nine o'clock in the forenoon. Bradford levied the attachment upon the property in dispute on the 10th of April, and made an inventory thereof. His return of service, endorsed on the writ, is as follows :

"*State of Michigan, County of Wayne, ss.*: By virtue of the within attachment, I, Albert W. Bradford, constable, did, on the 10th day of April, A. D. 1882, seize, within my county, the goods and chattels of the within named defendant, which are described in an inventory, of which a copy, certified by me, is herewith returned, and on the same day I left a copy of the annexed writ of attachment, and of said inventory, duly certified by me, with F. P. Jackson, in whose possession I found the said goods and chattels ; and I further return that on the 11th day of April, A. D. 1882, at the city of Detroit, in said county, because the defendant could not be found in the county of Wayne, I left a copy of the annexed writ of attachment, and of said inventory, duly certified by me, with one Mrs. Rolfe, wife of the defendant, at the last place of residence of said defendant, in said county of Wayne.            ALBERT W. BRADFORD, Constable.
    *Dated, April* 12th, 1882."

No personal service was had, and the defendant did not appear, but the plaintiffs proceeded to judgment, issued execution, and sold the property ; for what price does not appear, but the execution was returned fully satisfied. The defendants further gave evidence tending to show that the buggy in controversy was never in the possession of the defendants Dudley and Davis, or either of them, nor was a demand for the buggy ever made by the plaintiff of defendants Dudley and Davis; that plaintiff was indebted to the firm of Dudley, Davis & Company, composed of defendants Dudley and Davis, for goods sold and delivered, and that defendant Egbert J. Davis instituted the proceedings to recover the debt.

Plaintiff then introduced evidence tending to show that at the time of the attachment he was engaged in the business of buying and selling carriages, harnesses and horses in the city of Detroit, and that the buggy attached was a part of his stock at that time.

The foregoing is substantially the case made by the respec-

tive parties. The service of the writ of attachment in the manner and time set forth in the return of the constable gave the justice no jurisdiction over the person of the defendant. The further proceedings and the judgment rendered in that case were void. *Adams v. Abram* 38 Mich. 302, 304; *Isabelle v. Iron Cliffs Co.* 57 Mich.   , and cases there cited. The judgment being void afforded no justification to defendants for proceeding thereunder.

It is claimed by counsel for defendants that, as the property never came to the actual possession of defendants, and as the error was that of the constable, they were guilty of no intentional wrong, and they should not be held liable in this action. This would be true had they taken no steps in the case after the defective return of the officer, and had assumed or asserted no control over the property after that time. But they proceeded in the case to judgment, issued execution and sold the property, thus satisfying their claim. When the plaintiff demanded the property of Bradford he refused to give it up, asserting that he had taken it for Dudley & Davis, and was acting under their instructions, and referred him to them. Plaintiff then demanded the buggy of Davis who refused to have anything to do with it, and told him to see his partner Dudley in relation to it, and plaintiff then demanded the property of him and he refused to give it up. These facts are sufficient to connect the defendants with the detention of the buggy and render them responsible for its unlawful conversion. The refusal of Dudley to deliver up the property when demanded was sufficient to bind his partner Davis. It was not necessary that both partners should refuse to deliver the vehicle on demand by plaintiff. What was done by either in the collection of the partnership debt was presumptively with the sanction of the other. *Harvey v. McAdams* 32 Mich. 472.

This disposes of the case and renders a discussion of the other points raised unnecessary.

The judgment is affirmed.

The other Justices concurred.