## BENJAMIN S. ESTLOW v. WILLIAM E. HANNA.

*Attachment—Debt fraudulenˈly contracted—Joinder of claims—Dissolution of writ.*

A writ of attachment issued on the ground that the debt sued for was fraudulently contracted will be dissolved if it appears that a portion of said claim is not affected by such fraud.

Certiorari to judge of Branch circuit to review an order refusing to dissolve an attachment. Argued April 16, 1889. Judgment reversed June 14, 1889, and writ dissolved. The facts are stated in the opinion.

*H. H. Barlow,* for petitioner.

*Ware & Palmer,* for respondent.

LONG, J. *Certiorari* from this Court to review the proceed-

ings of the circuit court of Branch county in refusing to dissolve a writ of attachment.

The writ was issued upon an affidavit charging that the debt was fraudulently contracted respecting which the suit was brought.

The suit was brought upon three promissory notes. These notes were given by the defendant to three different parties, and signed by the plaintiff as surety. When they came due plaintiff paid and took them up, and on February 1, 1888, brought this suit by attachment upon them. The affidavit for the writ and the writ were regular in form, and the writ was levied by the sheriff of that county upon certain real estate of the defendant, and a copy of the writ served.

On April 27, 1888, the defendant filed a petition for the dissolution of the writ. Citation was issued, returnable May 3, 1888, and on that day the parties appeared, and, after witnesses were sworn, the court made the following finding of facts and conclusions of law:

"1. That the cause alleged in the affidavit for issuing the writ of attachment is that the debt for the recovery of which the suit is brought was fraudulently contracted.

"2. The action was brought to recover the amount due upon three different promissory notes hereinafter mentioned, which were signed by the plaintiff as surety for the defendant, and which as surety he afterwards assumed and paid. The plaintiff claims that he was induced to sign such notes by reason of false and fraudulent representations made to him by defendant in reference to his financial condition.

"3. As to the first of said notes, known as the 'Cooley note,' dated April 20, 1876, upon which there is unpaid at the date hereof the sum of $352.39, I find that there was no fraud or misrepresentation, and that the obligation of the plaintiff as surety thereto was not induced by fraud.

"4. In reference to the second note, known as the 'Bidwell note,' dated February 19, 1878, upon which there is unpaid at the date hereof the sum of $387.49, I find that the plaintiff was induced to sign the same as surety by reason of false and fraudulent representations made to him by the defendant in reference to his financial condition before and at the time of signing the note.

"5. As to the third note, known as the 'Ford note,' dated April 22, 1878, upon which there is due at the date hereof the sum of $327.78, I find that there were no further representations made by the defendant to the plaintiff as to his financial condition after signing the Bidwell note, and there was no evidence upon the subject whether in signing the Ford note he relied upon the representations made when he signed the Bidwell note.''

The conclusions of law were as follows:

"1. That the obligation as surety to the Cooley note was not fraudulently contracted.

"2. That the obligation of the plaintiff as surety to the Bidwell note was fraudulently contracted.

"3. That the indebtedness growing out of the Ford note was not fraudulently contracted.

"4. That the motion to dissolve the attachment be and is denied, with costs to the plaintiff.

"And, further, I have filed an order in said cause denying the motion to dissolve such attachment, with costs to the plaintiff."

The sole contention is that under this finding of facts the court should have dissolved the writ, as it appears that the whole of the indebtedness sued upon was not fraudulently contracted.

How. Stat. §§ 7986, 7987, authorizing writs of attachment, provide:

"Any creditor shall be entitled to proceed by attachment against his debtor in the circuit court of the county in which the creditor or the debtor   *   *   *   shall reside,   *   *   *   in the cases, upon the conditions, and in the manner provided in this chapter."

"Before any such writ of attachment shall be executed, the plaintiff, or some person in his behalf, shall make and annex thereto an affidavit stating that the defendant therein is indebted to the plaintiff, and specifying the amount of such indebtedness as near as may be over and above all legal set-offs, and that the same is due upon contract, express or implied, or upon judgment; and containing a further statement that the deponent knows, or has good reason to believe,'' etc.

Then follow the various statements that the defendant has

absconded; has assigned, disposed of, or concealed his property; that he is about to remove his property out of this State, with intent to defraud his creditors; and the fourth subdivision, being the one under which the affidavit in the present case is framed,—

" That he has fraudulently contracted the debt or incurred the obligation respecting which the suit is brought."

The affidavit is in compliance with these provisions of the statute. The affidavit is necessary to confer jurisdiction, and the amount of the debt must be stated as near as may be over all legal set-offs, and the amount must be shown to be due upon express or implied contract.

The circuit court is a court of general common-law jurisdiction in both civil and criminal cases. Its general powers are clearly defined. The proceedings in attachment do not fall within the general powers conferred, but are special and extraordinary, and in derogation of the common-law, and must be strictly pursued. They do not derive their efficacy from the general powers of the court. The court can act only under the special limited powers granted by the statute, and according to its forms of procedure. *Buckley v. Lowry,* 2 Mich. 420; *Greenvault v. Farmers' & Mechanics' Bank,* 2 Doug. 507.

The writ is issued upon an *ex parte* affidavit, and at once creates a lien upon the property, and, though actual personal service may not be had upon the defendant, by proper procedure the property may be subjected to sale on execution issued upon a judgment rendered in the proceedings.

In the present case it appears that the levy was made under the writ upon the lands of the defendant, creating a lien thereon to the amount of '$1,067.66, though it appears that only $387.49 of that amount was fraudulently contracted. If plaintiff's counsel are correct in their contention, then, if the amount due and owing was four times that sum, and $100 of the amount (sufficient to bring it within the juris-

diction of the circuit court) was fraudulently contracted, a lien could be created for the full amount of the claim, and defendant could not relieve his property of the lien.

Plaintiff's counsel contend that this may be so, for the reason that the right to commence his suit by attachment is not based upon the idea of his being able to take and hold the defendant's property before judgment, but is founded upon the *animus* of the defendant; that the statute, in effect, says, if you practice fraud upon the plaintiff in your dealings with him, he shall have the right to commence suit against you at any time by attachment to recover such sum as you may owe him.

The language of this fourth subdivision, however, is—

" That he has fraudulently contracted the debt or incurred the obligation respecting which the suit is brought."

Here the suit was brought to recover the money paid by plaintiff for defendant upon three certain promissory notes. The debt as to two of them was not fraudulently contracted, yet the lien created upon the property of the defendant included the amount of these two notes, as well as the amount so fraudulently contracted. The amount of these two notes the plaintiff had no right to have included in his lien. It was no part of the debt fraudulently contracted, and, within the meaning of this statute, he had no right to have his writ for those amounts, or to have a lien upon the property of the defendant therefor.

If this writ had been levied upon personal property, the defendant, or any person in whose possession the same was found, would have had the right to give a bond to the officer to satisfy the judgment, and retain possession. This bond the officer may demand to be in double the amount specified in the affidavit before releasing the property, and under plaintiff's contention, though but $100 of the amount was fraudulently contracted, yet the defendant, before he could

get his property released, would be compelled to give a bond for the entire amount of the debt sworn to be due.

Again, one having a claim covered by this subdivision of the statute might, under the construction contended for, attach thereto any number of assigned claims, and obtain a lien upon the property of the debtor for the whole sum.

We cannot agree with any such harsh construction of this statute. The remedy itself is a harsh and extraordinary one, proper when it comes within the plain provisions of the statute, but the statute should not be extended by construction. We are cited to no case by counsel which upholds the doctrine for which they contend, and we are satisfied upon principle none can be found. On the contrary, wherever this question has come before the courts of other states, it has uniformly been held that attachments will not be upheld where the complaint or affidavit sets forth several causes of action, some of which are without the statute. *Union Consolidated Mining Co. v. Raht,* 9 Hun, 208; *Wilson v. Harvey,* 52 How. Pr. 126.

In *Mayer v. Zingre,* 18 Neb. 458 (25 N. W. Rep. 727), it was held that a cause of action in a petition upon a debt not fraudulently contracted, if coupled with a cause of action upon a debt which was fraudulently contracted, and an order of attachment covering both counts is issued upon an affidavit alleging that said defendant fraudulently contracted the debt and incurred the obligation for which this suit is brought, vitiates such an order, and justifies its discharge.

The court below was in error in its conclusions of law under the facts found.

The judgment of the court below must be set aside, with costs, and the writ of attachment dissolved.

The other Justices concurred.