83  31
83  34
83  31
92  97

---

The Toledo, Saginaw & Mackinaw Railroad Company v. Daniel J. Campau et al.

*Railroad companies—Condemnation proceedings—Special questions to jury.*

There is no provision in the statutes relative to condemnation proceedings authorizing the submission of special questions to the jury.

Appeal from Saginaw. (Gage, J.) Argued October 22, 1890. Decided October 31, 1890.

Railroad condemnation proceedings. Respondents appeal from an award of $200. Affirmed. The facts are stated in the opinion.

*Tarsney & Weadock,* for respondents.

*Hanchett, Stark & Hanchett,* for petitioner.

Morse, J. The petition in this case was presented by the railroad company for the purpose of acquiring title to certain lands in the city of Saginaw. The respondents answered said petition, and jointly and severally denied that the petitioner had made a map and survey of said

railroad through said parcels of land, and filed the same
in the office of the register of deeds for Saginaw county;
and alleged that the paper referred to in said petition as
a map and survey of said "Wright Spur," so called, is
indefinite and incomplete; that it is impossible for these
respondents, or any of them, from an inspection thereof
or from said petition, to determine the exact lands that
said petitioner is seeking by these proceedings to acquire.
They therefore deny the right of the petitioner to insti-
tute proceedings herein to acquire their or either of their
interests in and to said several parcels of land, for the
reasons hereinbefore stated.

The respondents' counsel submitted the following special
questions:

"1. Is the taking of the property described in the
petition under consideration necessary to be taken by the
petitioner for public use?

"2. From the map and survey on file in the office of
the register of deeds for the county of Saginaw, shown
you, can you identify the property sought to be acquired
by the petitioner without reference to other maps, or in-
formation furnished you?

"3. From your view of the premises sought to be taken
by the petitioner, could you, when upon the ground,
determine the location of the lot lines, or the particular
property sought to be taken?

"4. Is not the real purpose of the petitioner in obtain-
ing the property under consideration for private instead
of public use?"

Proofs were taken, and the jury viewed the premises,
as they return in their finding, and they found and
determined that it was necessary to take said real estate
for public use, stating the use, and awarded damages of
$200 to each of the respondents. The jury did not
answer the special questions so submitted to them.

The failure to answer such questions is the only error
assigned against the validity of the proceedings. There is

no provision in the statutes relative to condemnation proceedings authorizing the submission of special questions. The law intends that the proceedings shall be as simple as possible. The duty of the jury is justly and impartially to ascertain and determine the necessity for taking the property proposed to be taken for the public use specified in the petition. Their finding in this respect is a general one, and there is no necessity for any special finding or verdict. If they determine the necessity, then they find the damages which ought justly to be awarded to each land-owner. They have then performed their whole duty under the law.

The proceedings are affirmed, with costs.

The other Justices concurred.