## Thomas Savidge v. Philip Padgham, Circuit Judge of Ottawa County.

*Attachment—Affidavit of publication—Filing nunc pro tunc—Discretion of court—Estoppel.*

1. A judgment entered in an attachment suit, in which the defendant is published in and does not appear, without the filing of an affidavit by the plaintiff stating that such publication has been commenced, when commenced, and in what newspaper, giving its name and place of publication, as required by Act No. 8, Laws of 1891, is void.

2. Where attached property has been sold to the plaintiff upon an execution issued upon the void judgment, there is abundant ground for the refusal by the circuit court to allow the statutory affidavit to be filed *nunc pro tunc*.

3. An abuse of legal discretion does not consist of a failure to

105 Mich.—17.

exercise discretionary power precisely as the Supreme Court might, under like circumstances, have done.

4. The question of the estoppel of the defendant from attacking the sale made under the execution may possibly be raised on the trial of any issue involving the title to the property derived through the purchase from the sheriff, but is not necessarily controlling on the application for leave to file said affidavit.

*Mandamus.* Submitted January 8, 1895. Denied May 21, 1895.

Relator applied for *mandamus* to compel respondent to set aside an order vacating a judgment in an attachment suit and dismissing the writ. The facts are stated in the opinion.

*Walter I. Lillie (Stephen H. Clink,* of counsel), for relator.

*Farr & Soule,* for respondent.

MONTGOMERY, J. This is an application for a *mandamus.* The relator, on the 6th of December, 1892, commenced a suit in attachment against one Ray Warner as defendant. By virtue of this writ certain property was attached, but no personal service had. Notice was given by publication, and the plaintiff proceeded to judgment, and caused an execution to issue, which was levied upon the same property attached, and the same was sold and turned over to the plaintiff, who became the purchaser. Subsequently the defendant appeared specially, and moved the court to set aside the judgment and dismiss the writ, for the reason that there was no affidavit filed as provided by Act No. 8, Laws of 1891, which provides that, within 10 days after publication has begun, the plaintiff, or some person in his behalf, shall make and file an affidavit, stating that such publication has been commenced, when commenced, and in what newspaper, giving the name thereof, and where published; and for the further reason that the default of the defendant for

non-appearance had been prematurely entered. Relator conceded that both of these contentions on the part of defendant were true as matter of fact, but, on the hearing of the motion to dismiss, application was made, under the proviso of Act No. 8, that such affidavit may be filed or amended, in the discretion of the court, at any time before the order of dismissal shall actually be made, on such terms as the court may impose, to file an affidavit *nunc pro tunc*, which application was refused, and an order made dismissing the suit.

There can be no doubt that the judgment entered in the case was void, both on account of the failure to file the affidavit and for the reason that the default was prematurely entered. *Woolkins v. Haid*, 49 Mich. 299; *Steere v. Vanderberg*, 67 Id. 530; and *Nugent v. Nugent*, 70 Id. 52. Nor can it be contended that plaintiff could have cured the defect of the failure to file the affidavit required by Act No. 8, Laws of 1891, except upon the leave of the court, acting within its sound legal discretion. But it is contended by the relator that the refusal to permit the filing of the affidavit, and the dismissal of the writ, under the circumstances, was an abuse of discretion. It has frequently been held that an abuse of discretion does not consist of a failure to exercise discretionary power precisely as the reviewing court might, under like circumstances, have done. In the present case the property had passed from the possession of the officer, and there was abundant ground for the circuit judge to refuse to permit the affidavit to be filed, and to justify the dismissal of the writ. See Wade, Attachm. § 164; *Bailey v. Hall*, 16 Me. 408; Waples, Attachm. § 284.

It is contended, however, that the affidavits of plaintiff showed that defendant was estopped from attacking the sale made under the writ. If this be so, that question may possibly be raised on the trial of any issue involving the title to property derived through the purchase from the sheriff, but we think it is not necessarily

controlling on the application made to the circuit judge. The writ will be denied, with costs.

The other Justices concurred.