KURTZ *v.* GARTNER.

1. ATTACHMENT — NOTICE — AFFIDAVIT OF PUBLICATION — TIME TO FILE.

An affidavit of publication of a notice of attachment, made and filed, with the declaration in the suit, after the sixth publication, is not premature though done before the expiration of the full six-weeks period (§§ 10572, 10574, 3 Comp. Laws), where defendant's default is not entered until twenty days after expiration of the full period.

2. QUIETING TITLE — DECREE OF LIEN IN FAVOR OF DEFENDANT.

Where, in a suit to quiet title to land claimed by defendant under attachment proceedings against the land, it appears that the court had jurisdiction of the parties in the attachment suit and that the judgment therein was not excessive, a decree awarding a lien in favor of defendant to the amount of the judgment, interest, and costs is sufficiently favorable. to complainant.

Cross-appeals from Wayne; Donovan, J. Submitted June 14, 1905. (Docket No. 9.) Decided September 19, 1905.

Bill by Frances Kurtz against George Gartner and others to quiet title to land. From the decree rendered, both parties appeal. Affirmed.

*William T. Hewitt (Charles C. Stewart,* of counsel), for complainant.

*Charles Kudner* and *George Gartner (Fred A. Baker* and *Harrison Geer,* of counsel), for defendants.

MONTGOMERY, J. The bill in this case is filed to quiet title to two parcels of land in the city of Detroit. Complainant was admittedly the owner of both parcels prior to April, 1898. In that month defendant George Gartner instituted attachment proceedings against the property of

the complainant, and caused an attachment to be levied upon the property in question. The case proceeded to judgment, and the property was sold on execution, purchased by Mr. Gartner, and afterwards conveyed to defendant Dickinson, subject to a mortgage previously given to one Emil Anderson and later assigned to defendant Lena B. Gartner. The bill charges that the judgment in attachment was taken for an excessive sum, but, as the complainant in her supplemental brief contends that the judgment is unassailable on this ground, we assume that no reliance is placed upon this allegation in the bill. The defendants, however, contend that by this allegation an issue is presented by the bill, which defendants have met by their answer in such manner as to justify the decree below, which was a decree for a money judgment in favor of defendants. This contention will require consideration only in case the court shall say that the attachment proceedings are void for jurisdictional defects. Manifestly this is the most important question for our consideration.

The facts are not in dispute. The notice of attachment was published for six successive weeks. After the last publication, but before the expiration of the full six-weeks period, an affidavit was made and filed showing the dates of said publication, and on filing this affidavit a declaration was filed. Twenty days after the expiration of the full six-weeks period were allowed to elapse before the defendants' default was entered. Was the court ousted of jurisdiction because the affidavit and declaration were filed before the expiration of the full six-weeks period, although the affidavit was filed at a time when the fact of publication might be truthfully stated on oath ? The statute authorizing substituted service in these cases provides (see § 10572, 3 Comp. Laws) that such notice shall be published for six successive weeks. Section 10574 provides:

" If a copy of the attachment shall not have been served upon any of the defendants and none of them shall appear in the suit, the plaintiff on filing an affidavit of the publication of the notice hereinbefore required for six succes-

sive weeks * * * may file his declaration in the suit and proceed therein as if a copy of such attachment had been served upon the defendants."

It is clear that the time to plead to the declaration would not begin to run under this statute until the service was complete by the expiration of six weeks from the date of the first publication, but it by no means follows that the affidavit was prematurely filed. It was not filed until the affiant was able to state all the facts required by the statute; i. e., the six weekly publications and their exact date. We can conceive of no reason why the filing of this affidavit should have been longer delayed, unless it may be said that its filing might be calculated to mislead the defendant as to her rights. The answer to such a suggestion, if made, would be that the defendant in any case has only to turn to the statute to learn that his time to plead has not been abridged. These proceedings complied with the terms of the statute, and, while such proceedings are required to comply strictly with the requirements of law, no such overnice construction should be placed upon the statute as would void proceedings in which the defendant has been deprived of no right. It is to be noted that the statute does not require any statement in the affidavit of any fact occurring after the publication, nor of any action or non-action by the defendant or of any officer. Were there such requirement, or if the affidavit were in the nature of process, which might be served up to the last day, the rule would be different, as held in *Drew* v. *Claypool*, 61 Mich. 233, cited by counsel; but this is not such a case. Complainant's counsel rely with confidence upon *Steere* v. *Vanderberg*, 67 Mich. 530, and *Nugent* v. *Nugent*, 70 Mich. 56, as sustaining his contention that these proceedings are void. These two cases are distinguishable from the present. In each of these cases the declaration was filed before any affidavit of publication was of record. Our conclusion is that the proceedings were not void.

The circuit judge decreed a lien in favor of the defendants for the amount of the judgment, interest, and costs.

This decree was sufficiently favorable to complainant. Both parties have appealed to this court; but on the hearing, as well as on the trial below, defendants' counsel indicated that all that was desired was an equitable adjustment of the indebtedness. In view of this concession, we affirm the decree, with costs of this court to defendants. This decree will operate to release all claims of defendants on payment of amount decreed.

CARPENTER, MCALVAY, GRANT, and OSTRANDER, JJ., concurred.