## SCHOENFELD v. BOURNE.

Attachment—Process—Constructive Service—Publication of Notice.

Published notice of an action pending in attachment proceedings without personal service, is jurisdictionally defective as constructive service by reason of an incorrect designation of one of two joint defendants as "William H. Dunton" instead of "William H. Denton."

Error to Gratiot; Searl, J. Submitted October 19, 1909. (Docket No. 109.) Decided December 10, 1909.

Attachment proceedings by Fred Schoenfeld against Benjamin W. Bourne and William H. Denton. A judgment quashing the writ is reviewed by plaintiff on writ of error. Affirmed.

Hollis C. Johnson, O. G. Tuttle, and John T. Mathews, for appellant.

Stone & Watson, for appellees.

Moore, J. The plaintiff is a resident of Ohio. The

defendants reside in the Republic of Mexico. Plaintiff proceeded against the defendants in the circuit court for the county of Gratiot, by attachment, by reason of the nonresidence of the defendants. The writ issued July 10, 1908. Plaintiff attempted to publish a notice of attachment, but in the published notice named the defendants as "B. W. Bourne and William H. Dunton." On October 15, 1908, an affidavit of publication was filed, made by one of the publishers of the Gratiot Journal, stating therein that the notice annexed thereto had been published in said paper at least once in each week for six weeks, and that the first publication thereof was on the 27th day of August, 1908. This affidavit was subscribed and sworn to on October 9, 1908. On November 6, 1908, the plaintiff filed his declaration, and on the following day entered the default of the defendants. On November 12, 1908, plaintiff took a judgment against the defendants for $6,070.66, and costs. On January 4, 1909, defendants entered a motion to set aside the judgment and quash the writ. On March 4, 1909, the court entered an order granting defendants' motion. The case is brought here by writ of error.

The contentions of defendant are:

(1) That, because of the failure of the plaintiff to publish the notice of attachment as required by statute, the court never acquired jurisdiction in the case.

(2) That, because of the plaintiff's failure to file proof of publication of the notice of attachment as required by statute, the court, in any event, did not acquire jurisdiction to render judgment in the case.

Both of these contentions are opposed by the plaintiff, and while he concedes that, because of lack of personal service of process, it would be the duty of the court to set aside the judgment, and permit the defendants to come in and defend, yet it is his contention that his proceedings and judgment are regular, and the court has only discretionary power to set aside the judgment. In our view of the case, the only question necessary to be considered is

whether the publication of notice was fatally defective because defendant William H. Denton was called therein William H. Dunton.

The claim of plaintiff as to this feature of the case is stated by counsel as follows:.

"It seems to me clearly the name of 'Dunton' is *idem sonans* to 'Denton,' or perhaps, more properly speaking, the names of 'Bourne and Dunton' are *idem sonans* to 'Bourne and Denton.' Especially is this so where they are brought into court at the suit of Fred Schoenfeld, and declared against as joint defendants under a written contract relation. It will be interesting in this connection to examine some of the cases in Michigan upon the question of *idem sonans*. The name of Kinney and Kenney are held *idem sonans*. *Kinney* v. *Harrett*, 46 Mich. 87 (8 N. W. 708). Also Dixon and Dickson. *Reading* v. *Waterman*, 46 Mich. 107 (8 N. W. 691). Also Brearley and Brailey. *People* v. *Gosch*, 82 Mich. 31 (46 N. W. 101). Also Ruty and Ruthe. *Ruthe* v. *Railroad Co.*, 37 Wis. 344; *Van Benschoten* v. *Fales*, 126 Mich. 176 (85 N. W. 476)."

An examination of these cases will show that they are clearly distinguishable from the one before us. Only one of them, the last one, was an attachment case. There an alias writ was taken out, and the names of the defendants were therein correctly given, and a personal service of the writ was had upon one of the defendants. In the case at bar there was no personal service.

In *Granger* v. *Judge of Superior Court of Detroit*, 44 Mich. 384 (6 N. W. 848), Justice CAMPBELL, speaking for the court, said:

"Where cases and proceedings are not according to the usual course, and are special in their character, they are held void on slighter grounds than regular suits, because the courts have not the same power over their records to correct them. So where there has been no personal service within the jurisdiction, the doctrine prevails that proceedings not conforming to the statutes are void; but this is on the ground that there has been no service whatever, and the party therefore has not been notified in any proper way of anything. The purpose of the statutory

methods is to furnish means from which notice may possibly or probably be obtained; but, as a court acting outside of its jurisdiction is not recognized as entitled to obedience, the special statutory methods stand entirely on their own regularity, and, if not regular, cannot be said to have been conducted under the statutes. The distinction is obvious, and is not imaginary."

In *Steere* v. *Vanderberg*, 67 Mich. 530 (35 N. W. 110), Justice CHAMPLIN, speaking for the court, said:

"It is a settled rule of law that all exceptional methods of obtaining jurisdiction over persons not found within the State must be confined to the cases and exercised in the way precisely indicated by the statute, and it may also be regarded as settled law that a failure to comply with the statutory requirements where the jurisdiction conferred is special, and no personal service is obtained, renders the judgments null and void. *Thompson* v. *Thomas*, 11 Mich. 274; *King* v. *Harrington*, 14 Mich. 532; *Millar* v. *Babcock*, 29 Mich. 526; *Johnson* v. *Delbridge*, 35 Mich. 436; *Woolkins* v. *Haid*, 49 Mich. 299 (13 N. W. 598); *Rolfe* v. *Dudley*, 58 Mich. 208 (24 N. W. 657)."

In *Jaffray* v. *Jennings*, 101 Mich. 515 (60 N. W. 52, 25 L. R. A. 645), Justice HOOKER, speaking for the court, said:

"We start with the proposition that attachment is a harsh and extraordinary remedy, unknown to the common law; and the statutory provisions upon which the right depends, being in derogation of the common law, must be strictly construed, and cannot be extended beyond their terms. See cases cited in 1 Jac. & C. Dig. p. 96, § 1; *Estlow* v. *Hanna*, 75 Mich. 219, 224 (42 N. W. 812)."

In the opinion in the case of *Fanning* v. *Krapfl*, 61 Iowa, 417 (14 N. W. 727, 16 N. W. 293), is found the following language:

"In considering the question, we must not be misled by the singularity of the name. If a notice to A. B. Smith would not be sufficient, if published, as to B. A. Smith, then we think that the notice in this case is not sufficient. The question before us concerns the title to real estate, and it would not be possible to base any safe rule upon the distinction between names that are peculiar and those

that are not peculiar. Notice by publication, even where there is no misnomer, does not afford a very strong natural presumption that the fact of the pendency of the action will be brought to the defendant's actual knowledge. Notice by this mode is allowable only out of necessity. It must often happen that great injustice is done and great hardship suffered. We are not disposed to open the door any wider than necessity requires. Whoever undertakes to give notice by publication, and misnames the defendant, is without excuse. It requires very little care to publish the defendant's name correctly. We are evidently justified in holding the plaintiff who gives notice by publication to a considerable degree of strictness. If we were to adopt the rule contended for by the appellee, that not only can the Christian names be entirely omitted, but the initial letters of the Christian names transposed, this might become the favorite mode of giving notice by publication. It appears to us that we should open the door to mischief of which no one could see the end."

In *Hubner* v. *Reickhoff*, 103 Iowa, 368 (72 N. W. 540, 64 Am. St. Rep. 191), it was held that where service in an action for divorce against a nonresident is by publication, and defendant makes default, the court cannot assume that the name "Keesel" in the notice should be understood as "Keisel," the name of the defendant, on the principle of *idem sonans*, and the decree was held void. See, also, *Estlow* v. *Hanna*, 75 Mich. 219 (42 N. W. 812), and *Cochrane* v. *Johnson*, 95 Mich. 67 (54 N. W. 707).

Applying the principles stated in these cases, we think it clear that in an attachment case against Benjamin W. Bourne and William H. Denton, nonresidents, where no one is personally served with process, the court does not get jurisdiction, because of the publication of a notice describing the defendants as Benjamin W. Bourne and William H. Dunton.

Judgment is affirmed.

GRANT, MONTGOMERY, OSTRANDER, and McALVAY, JJ., concurred.