GOODSPEED *v.* SMITH.

1. ATTACHMENT—DECLARATION—FILING—TIME.
    Act No. 30, Pub. Acts 1907, was not intended to make the filing of a declaration in attachment within fifteen days after the issue of the writ mandatory.  Cir. Ct. Rule 2.

2. SAME—PRACTICE—CONSTRUCTION OF RULES.
    Failure to comply strictly with rules of court is an irregularity.

3. PROCESS—JURISDICTION—PUBLICATION.
    Jurisdiction in attachment is acquired by proper publication and proof thereof, following the preliminary statutory steps.

4. ATTACHMENT—DEFAULT.
    On a record which shows a judgment without a lawful default after filing the declaration, the judgment is void.

5. SAME.
    While the premature entry of default will not support the judgment, entering it later than the earliest practicable moment does not render the proceedings void or deprive the court of jurisdiction.

6. SAME.
    After jurisdiction is acquired by proper personal or substituted service, irregularities may be waived or corrected.

Error to Berrien; Coolidge, J.  Submitted May 7, 1910.  (Docket No. 161.)  Decided June 6, 1910.

Attachment proceedings by Charles A. Goodspeed against James W. Smith.  An order dismissing the writ for want of jurisdiction is reviewed by plaintiff on writ of error.  Reversed.

*George W. Bridgman*, for appellant.
*Charles E. White*, for appellee.

HOOKER, J.  The plaintiff seized defendant's goods upon a circuit court attachment, issued May 31, 1909, re-

turnable June 30, 1909. The writ was returned July 2, 1909, showing levy on property. No personal service was made, as defendant could not be found in the county. Publication began July 8th, and continued to and including August 19, 1909. August 26, 1909, affidavit of publication was filed. September 2, 1909, declaration was filed. November 6, 1909, affidavit of nonappearance was filed and default entered. Defendant thereupon appeared for the purpose of moving to dismiss the case for want of jurisdiction on the ground that the court was without jurisdiction to proceed further because the declaration was not filed within the statutory period, *i. e.,* within 15 days after the issue of the writ. The motion was granted, and plaintiff has appealed. Counsel for defendant rely upon the rule frequently stated—

"That all proceedings in attachment where no personal service is had are a nullity and void, and can be attacked collaterally, unless the provisions of the statute are strictly adhered to."

He cites *Peninsular Sav. Bank* v. *Ward,* 118 Mich. 93 (76 N. W. 161, 79 N. W. 911); *Woolkins* v. *Haid,* 49 Mich. 299 (13 N. W. 598); *Steere* v. *Vanderberg,* 67 Mich. 530 (35 N. W. 110); *Schoenfeld* v. *Bourne,* 159 Mich. 139 (123 N. W. 537); and authorities from other States. On the other hand, plaintiff's counsel urges that the delay was an irregularity only and should be disregarded. The statute as amended requires a declaration to be filed in accordance with Circuit Court Rule No. 2. Act No. 30, Pub. Acts 1907. Section 10583; 3 Comp. Laws, would have covered substantially the same ground as to filing the declaration, but for its possible conflict with section 10574.

We are of the opinion that the statute was not designed to make the filing of a declaration within 15 days after the writ mandatory. As amended in 1907, it left that matter of practice to the rules of court, equally subject to change by the court, and, we think, inferentially, subject to the rule

of construction theretofore applied to rules, *i. e.*, that non-compliance is an irregularity. Unless we must say that the seasonable filing of a declaration is essential to the acquirement of jurisdiction over the person of the defendant, there is no reason for not treating the failure as an irregularity. Jurisdiction is acquired by proper publication and proof thereof following the statutory preliminary steps. The pleadings, default, and judgment follow, and there is no doubt that, if the record shows a judgment without a lawful default after filing a declaration, the judgment is void on the face of the record.

We have never held that the filing of a declaration before or after the statutory time was in itself a fatal step. In both *Woolkins* v. *Haid supra,* and *Steere* v. *Vanderberg, supra,* the declarations were prematurely filed. But that was not all; defaults were prematurely entered. We have often held that a default prematurely entered would not support a judgment, but we have never held that entering it later than the earliest practical moment would render the proceedings void, or the court without further jurisdiction. After jurisdiction is once acquired by proper personal or substituted service, there seems no good reason why irregularities may not be waived or corrected. In *Woolkins* v. *Haid*, the judgment was held void, but the court did not say that the proceedings were at an end. It could not order a new trial, for the record was not ready for trial. While in *Steere* v. *Vanderberg* the question of the validity of the judgment came up collaterally. In *Savidge* v. *Ottawa Circuit Judge*, 105 Mich. 259 (63 N. W. 295), a case of substituted service, the judgment was held void for want of proof of publication, and we held that we would not reverse the exercise of the discretion by the circuit judge in denying leave to file the affidavit *nunc pro tunc.* The decision in *Kurtz* v. *Gartner*, 141 Mich. 264 (104 N. W. 596), is consistent with this view.

But in this case the declaration was not prematurely filed, and the default was not prematurely entered. There

was no irregularity in this regard. If irregular, it was for deferring the filing too long. As this is the only question raised, the order is reversed, and the cause remanded for further proceedings.

MOORE, MCALVAY, BROOKE, and BLAIR, JJ., concurred.