PORTER v. WAYNE CIRCUIT JUDGE.

ATTACHMENT—JURISDICTION IN REM—SERVICE BY PUBLICATION.
    Jurisdiction *in rem* was acquired in attachment proceedings by
    proper publication of notice of suit and proof thereof fol-
    lowing statutory preliminary steps (3 Comp. Laws 1929,
    § 14782).

Appeal from Wayne; Chenot (James E.), J. Sub-
mitted October 20, 1942. (Calendar No. 42,077.) De-
cided December 23, 1942.

Petition by Allen Porter and Hazel Porter for a
writ of mandamus to compel James E. Chenot,
Wayne Circuit Judge, to set aside an order dismiss-
ing an action and dissolving writ of attachment. Pe-
tition granted.

*Cozadd & Shangle,* for plaintiffs.

*Harry J. Lippman,* for defendant.

SHARPE, J.   The issues in this suit grew out of
the following facts: Victoria O. Ridge lives in the
State of New York. She owned some real estate in
Wayne county. Allen Porter and Hazel Porter
agreed to purchase this real estate for the sum of
$1,900 and made a down payment of $500.

Because of a claimed defect in the title, Porter
and wife asked for a return of the down payment.
Upon refusal, plaintiff Allen Porter, on December 5,
1941, filed an affidavit for writ of attachment. On

the same day, the writ of attachment was issued out of and under the seal of the circuit court of Wayne county. It was immediately placed in the hands of the sheriff for service. He did forthwith make a levy upon certain real estate in Wayne county owned by Victoria O. Ridge. On December 18, 1941, or 13 days after the issuance of the writ of attachment, the plaintiffs filed their declaration in said cause in the Wayne circuit court. On January 6, 1942, the return on the writ of attachment with inventory of real estate attached was filed with the clerk. It disclosed that no personal service was made upon Victoria O. Ridge. On January 17, 1942, a copy of the writ of attachment was personally served upon Victoria O. Ridge at her home in New York. On January 23, 1942, plaintiff caused a notice of the suit in question to be published in a newspaper circulated in Wayne county for six successive weeks. On March 5, 1942, proof of publication was filed.

On March 9, 1942, defendant Victoria O. Ridge appeared specially and filed a motion to dismiss on the following grounds:

1. Because this defendant is a nonresident of the State of Michigan, she at no time having been served herein with process while within the jurisdiction of this court.

2. Because it appears from the face of the return herein that process was served upon this defendant without the jurisdiction of this court.

3. Because the publication of notice of the within suit and the affidavit of publication filed herein in support of same was not in accord with the statute in such case made and provided.

4. Because there has been no service of process herein recognized by law to permit of the within suit herein being maintained as against this defendant.

On April 23, 1942, the trial judge granted the motion and dismissed the cause on the ground that the

declaration in said cause had been prematurely filed. On June 3, 1942, we issued an order to the circuit judge to vacate the order dismissing plaintiffs' suit or show cause why a peremptory writ of mandamus should not issue. The trial judge filed a return to the order to show cause.

The principal issue involved in this case is whether the court acquired jurisdiction of the cause. Defendant urges that personal service outside of the State of Michigan is void; and that the notice as published in the newspaper was of no effect because the court did not sign an order authorizing the publication.

In *Bower* v. *Town,* 12 Mich. 230, Justice CHRISTIANCY said:

"The proceeding by attachment under our statute is two-fold, *in rem,* and *in personam.* The writ is a summons as well as an attachment. When there is no personal service upon the defendant, and he does not appear in the suit, the proceeding is strictly *in rem,* and no property except that attached can be taken in execution. When the defendant has been personally served, or has appeared, the proceedings in the suit are to be the same in all respects as upon the return of a summons personally served in a suit commenced by summons."

In *Goodspeed* v. *Smith,* 161 Mich. 688, an attachment case, we held that jurisdiction is acquired by proper publication and proof thereof following the statutory preliminary steps.

The statute, 3 Comp. Laws 1929, § 14782 (Stat. Ann. § 27.1780), providing for service of statutory notice by publication or personal service reads as follows:

"If it appear by the return of such writ that any property has been attached thereon, and that neither of the defendants could be found, the plaintiff shall, within thirty days after such return, unless the de-

fendants or some of them shall sooner appear in the suit, cause a notice to be published in some newspaper printed in the county for which said circuit court is held, * * * and if any plaintiff shall neglect to cause such notice to be so published, as required in this section, the attachment shall be dismissed with costs: *Provided,* That such notice may be personally served on any defendant wherever found, and in case of such service no publication thereof shall be required.''

Under the above statute, jurisdiction may be acquired by two methods, *i.e.,* by publication or by personal service of a proper notice.

As to defendant's claim that publication of the notice must be by virtue of a court order, rather than by counsel for plaintiff, section 14782 specifically provides that ''the plaintiff shall * * * cause a notice to be published'' and does not mention a court order. This is a special statute and is to be distinguished from 3 Comp. Laws 1929, § 14032 (Stat. Ann. § 27.676), which requires in certain cases that an order shall be entered by the circuit judge. The attachment statute does not require a court order for a valid publication. The notice if signed by the attorney is a valid notice.

Section 14782 also provides for personal service— ''*Provided,* That such notice may be personally served on any defendant wherever found, and in case of such service no publication thereof shall be required.'' Defendant urges that the term *''wherever found''* means *wherever found in Michigan.* It is to be noted that 3 Comp. Laws 1929, § 14090 (Stat. Ann. § 27.757), providing for service in the cases mentioned therein, specifically provides that ''all civil process issued from any court of record may be served *anywhere within the State.''* The personal service referred to in the proviso of section

14782 is a substitute for service by publication to confer jurisdiction in the *"in rem"* proceeding of attachment. If the term "wherever found" in section 14782 is to be given any meaning, it is that service outside of the State in attachment proceedings for the purpose of conferring jurisdiction is a valid service; and we so hold.

In the case at bar, plaintiff attempted two methods of service, *i.e.,* by publication of notice and by personal service. We hold that either method was sufficient to give the court jurisdiction.

It is next urged that plaintiffs' declaration was prematurely filed. It is to be noted that the declaration was filed December 18, 1941; that the writ of attachment was issued and placed in the hands of the sheriff for execution on December 5, 1941; that on January 17, 1942, a copy of the writ of attachment was personally served on defendant in New York; and that on March 5, 1942, proof of publication of the notice in question was filed. It is contended by plaintiffs that the suit was commenced when the writ of attachment issued and was placed in the hands of the sheriff for execution and not later than December 6, 1941, when the sheriff attached the lands.

Section 14785, 3 Comp. Laws 1929 (Stat. Ann. § 27.1783), reads as follows:

"The plaintiff shall file his declaration in said attachment in the same manner and within the same time and serve the same as is provided by the rules and practice governing proceedings in circuit court in other cases in assumpsit. If a copy of the attachment shall not have been served upon any of the defendants and none of them shall appear in the suit, the plaintiff, on filing an affidavit of publication of the notice hereinbefore required for six successive weeks, or on filing due proof of personal service of such notice on any defendant not less than fifteen

days prior to the filing of such proof, may proceed in such suit as if a copy of such attachment had been personally served upon the defendants.''

We are of the opinion that the first sentence of this section prescribes the rule for filing a declaration in attachment proceedings; and that the remainder thereof refers to proceedings as outlined in 3 Comp. Laws 1929, § 14787 (Stat. Ann. § 27.1785).

The time for filing pleadings is provided for in Court Rule No. 27, § 1 (1933), which provides:

''In actions where the declaration is not filed at the commencement thereof, a plaintiff must file his declaration within 15 days after the commencement of the action.''

There is nothing in the statute or rule prohibiting the filing of a declaration in attachment proceedings prior to the service of the notice. An action is commenced when the original writ is issued and placed in the hands of a person capable of serving it, with a *bona fide* intent that it shall be served. See *Harvey* v. *Detroit Fire & Marine Ins. Co.,* 120 Mich. 601. In our opinion the suit was commenced on December 5, 1941, when the writ of attachment was placed in the hands of the sheriff for execution. Under 3 Comp. Laws 1929, § 14067 (Stat. Ann. § 27.734), and Court Rule No. 27 (1933), plaintiff may file his declaration within 15 days from the commencement of suit. In the case at bar, plaintiffs filed their declaration within the period required by the statute and the rule. It must follow that a declaration filed as required by the statute and the rule is not prematurely filed.

The writ will issue. Plaintiffs may recover costs.

North, J. (*concurring*). I concur in the result reached by Mr. Justice Sharpe, but without expressing an opinion as to the court having obtained juris-

diction by service of the *writ* of *attachment* on defendant in the State of New York instead of having served on her the *notice* of publication as provided by statute. See Comp. Laws 1929, § 14782 (Stat. Ann. § 27.1780). The service obtained by publication gave the court jurisdiction *in rem.* *Goodspeed* v. *Smith,* 161 Mich. 688.

CHANDLER, C. J., and BOYLES, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred with NORTH, J.