### William Thompson v. Charles R. Thomas.

Where property is seized on attachment and the writ is returned not personally served, the publication of notice as provided by the attachment law is intended as a substitute for personal service. The defendant has the same time in which to serve notice of retainer and to plead, after the filing of affidavit of publication, as he would have had after a return of the writ personally served.

In such a case the defendant may appear and plead as matter of right, and the Court can not impose terms on his doing so, in cases where terms could not have been imposed if the writ had been personally served.

*Heard May 5th. Decided May 12th.*

Certiorari to Wayne Circuit.

Thompson sued out an attachment against the property of Thomas, returnable September 2d, 1862, upon which land was attached. Personal service not being obtained, a notice to the defendant was published, and affidavit of publication

filed November 6th, 1862. On the same day the appearance of the defendant was entered by the plaintiff in the common rule book, and declaration filed. November 28th defendant's default for want of a plea was entered, which was made absolute December 4th, and judgment entered for $5,208 50.

December 5th, C. A. Kent filed an affidavit, stating the service of notice of the entry of defendant's appearance upon plaintiff's attorney, November 26th; and also stating that he had been informed and believed that defendant had a valid defense on the merits. On this affidavit motion was made to set aside the judgment as irregular because a copy of the declaration was not served. The Court granted the motion, and ordered plaintiff to serve a copy of his declaration in ten days, and defendant to plead within twenty days thereafter. Plaintiff sued out a writ of certiorari to reverse this order.

*A. Russell*, for plaintiff in error.

*Walker & Kent*, for defendant in error.

CHRISTIANCY J.:

Whether certiorari is the proper remedy to correct an error of the Circuit Court such as is claimed to have been committed in this case, is a question we shall not here discuss, as we are all of opinion there was no error in the action of that Court in setting aside the judgment for irregularity in the proceedings.

The publication of notice required by section 18 chapter 140 Compiled Laws (with proof of such publication) was, we think, intended as a substitute for personal service of the writ. Section 20 of the same chapter provides that, upon filing an affidavit of such publication, the plaintiff "may file his declaration in the suit, and proceed therein as if a copy of such attachment had been personally served upon the defendant." Section 29 of the same chapter provides that, the practice in actions commenced

by attachment shall be the same in all respects as in personal actions commenced by summons, as near as may be, except as otherwise provided by law. By section 11 Chapter 122 of Compiled·Laws, it is provided that, on the return of a summons personally served, "the defendant shall be considered in court, and may be proceeded against accordingly." When the plaintiff, therefore, had filed his proof of publication, both parties (so far as relates to the question of appearance and pleading) stood in the same position as they would have occupied on the return of a summons personally served; since it has not been "otherwise provided by law": § 29 chap. 140 above cited. In fact, the writ of attachment is a summons with a clause authorizing a seizure of property:—§ 5 *Chap.* 140 *Comp. L.*

The order entering an appearance of the defendant, though correct enough in theory, is no more necessary in such a case than upon the return of a summons personally served, nor could it have any greater effect. The time for filing pleadings, the service of notice of retainer, copies of pleadings, &c., in cases commenced by summons, is not fixed by the statute, but is left to be provided for by rules of court. By rule 16 regulating the practice of the Circuit Courts, the plaintiff is required to file his declaration within twenty days after the return day of the writ; and within ten days after the time limited for filing the declaration, the defendant may cause notice of retainer to be served on the plaintiff. The plaintiff shall, within ten days after the time limited for the service of such notice, serve upon the party giving such notice a copy of the declaration, &c.

Under this rule, had the action been commenced by ordinary summons, the defendant had till the sixth day of December to serve the notice of retainer to entitle him to a copy of the declaration, and we think he had the same time here. This notice was served on the 26th of November.

THOMPSON *v.* THOMAS.

The language of the rule might perhaps be improved, as it applies in terms to all original writs, and fixes the return day as the period from which the time is to be computed. But treating the affidavit of publication of notice, as equivalent to personal service, the case falls clearly within the spirit of the rule.

But it is objected by the plaintiff that the defendant, after the filing of the declaration, had no right to appear and defend without leave of the Court, upon cause shown; and for this he relies upon § 21 Ch. 140 of Compiled Laws, which is in these words: "If any defendant, not served with a copy of the attachment, shall appear at any time before judgment, he may be admitted by the Court to defend the suit upon such terms as the Court may deem reasonable." We think it very clear that this section does not make it necessary to apply to the Court for leave to defend, nor authorize the Court to impose terms, in any stage of the case when such leave would not have been required and terms imposed had the suit been commenced by ordinary summons personally served. To hold otherwise would be to give a greater effect to the publication of notice than to the personal service of the process, and to take from the defendant, by a mere constructive notice of the suit, rights which he would have upon actual notice. Such an intention cannot be imputed to the Legislature unless the language will admit of no other construction. The purposes of justice require that Courts should be more liberal in allowing a defendant after publication to come in and defend than where personal service has been had.

The other Justices concurred.