Daniel T. Wells and another v. Martin Walsh.

*Premature judgment.* In a suit commenced by attachment, where personal service is not had upon the defendants, and default is entered and made absolute before the filing of the affidavit of publication of the notice of the attachment, a judgment afterwards rendered upon such default is irregular and erroneous.

*Publication of notice in attachment: Time to plead.* The publication of notice in attachment is intended as a substitute for personal service. The defendant has the same time in which to serve notice of retainer and to plead, after the filing of the affidavit of such publication, as he has after a return of the writ personally served.—*Thompson v. Thomas, 11 Mich., 274.*

*Heard and decided July 12.*

Error to Ottawa Circuit.

This was a suit in attachment, brought by Walsh against Daniel T. Wells and Edward C. French. The writ was not personally served. A notice in attachment was published for six consecutive weeks, commencing June 27th, 1871, and affidavit of such publication filed in said cause on the 12th day of September, 1871. The declaration was filed August 11th, 1871, and the default of the defendants entered September 4th, 1871, which was made absolute September 9th, 1871, and judgment rendered September 14th, 1871.

*H. F. Severens,* for plaintiffs in error, was stopped by the court.

No one appeared for the defendant in error.

THE COURT held that the judgment was irregular and erroneous, and that the case of *Thompson v. Thomas, 11 Mich., 274,* was decisive of the question.

Judgment below reversed, with costs.