DADES v. CENTRAL MUTUAL AUTO INSURANCE CO.

1. PROCESS—RETURN—PROOF OF SERVICE MUST BE DISCLOSED BY COURT FILE ON DAY OF DEFAULT.
   Unless files of court disclose proper proof of service of process default entered is irregular, notwithstanding service has been actually and lawfully made; true test being condition of file on day of default.

2. SAME—REQUIREMENT OF PROOF OF SERVICE MATTER OF SUBSTANCE.
   Requirement of statute that return show ''due proof of service'' upon defendant rather than upon someone else is not mere matter of form, but is matter of substance (3 Comp. Laws 1929, § 14451).

3. SAME—JURISDICTION—CORRECTION OF RETURN.
   Return which does not show that jurisdiction of defendant was acquired may not be corrected.

4. SAME—RETURN—DEFAULT JUDGMENT SET ASIDE.

> Although record discloses that there was in fact valid service of process on defendant, but return upon which default was based does not so show, judgment entered thereon is vacated and set aside.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted April 7, 1933. (Docket No. 52, Calendar No. 36,993.)    Decided May 16, 1933.

Action by James Dades against Central Mutual Auto Insurance Company, a Michigan corporation. Judgment for plaintiff by default. On motions of defendant to set aside default and of plaintiff to amend return of service. From order for plaintiff, defendant appeals. Reversed.

*A. Floyd Blakeslee,* for plaintiff.

*Keeling & Bogue* (*W. E. C. Huthwaite,* of counsel), for defendant.

NORTH, J.    Plaintiff on default for nonappearance took judgment against defendant for $923.50. Within six months after entry of judgment defendant entered its appearance specially and moved to vacate the judgment and set aside the default. From the order of the circuit judge denying the motion, defendant has perfected this appeal in the nature of mandamus.

In part, defendant's motion to vacate the judgment and set aside the default is based upon the failure of the officer serving process to show by his return that service was upon the defendant, the Central Mutual Auto *Insurance* Company, and that instead the return shows service upon the Central Mutual Auto *Sales* Company. Pending the hearing of defendant's motion, a motion was made by

plaintiff to amend the return of service. The two motions were heard simultaneously. We have repeatedly held that unless the files of the court disclose proper proof of service of process a default entered is irregular; and the test is the condition of the file "on the day of default." This is true notwithstanding service has been actually and lawfully made. *Whirl* v. *Reiner,* 229 Mich. 114. To the same effect as being controlling in the instant case, see *Stanczuk* v. *Pfent,* 231 Mich. 689; *Westlawn Cemetery Ass'n* v. *Wayne Circuit Judge,* 238 Mich. 119; *Standard Oil Co.* v. *Brukwinski,* 242 Mich. 49.

In behalf of appellee it is urged that it was within the power of the circuit judge to permit amendment of the return under the following statutory provisions:

"All returns made by any sheriff or other officer, or by any court or subordinate tribunal, to any court, may be amended *in matter of form* by the court to which such returns shall be made, in their discretion, as well before as after judgment." 3 Comp. Laws 1929, § 14147.

"When a verdict shall have been rendered in any cause, the judgment thereon shall not be stayed, nor shall any judgment upon confession, or default, be reversed, impaired, or in any way affected by reason of the following imperfections, omissions, defects, matters or things, or any of them, in the pleadings, process, record or proceedings, namely: * * *

"2. For any imperfect or insufficient return of any sheriff or other officer, or that the name of such officer is not set to any return actually made by him." 3 Comp. Laws 1929, § 14148.

It will be noted that section 14147 provides only for amendment "in matter of form." The requirement of the statute (3 Comp. Laws 1929, § 14451)

that the return shall show "due proof of service" upon the defendant, rather than upon someone else, is not a mere matter of form. Instead it is a matter of substance. Here the return of the officer is that he served upon the Central Mutual Auto *Sales* Company, not upon the Central Mutual Auto *Insurance* Company. The return in the file at the time defendant's default was entered negatived service upon it, and instead appeared to disclose service upon some other company.

"Neither can a court render judgment against a party who has not appeared, without some evidence of jurisdiction. In *Wells* v. *Walsh,* 25 Mich. 344, it was held that where a publication was had in attachment, although regularly made, no default could be entered until after proof of publication was filed. The statute only allows a default on proof of service in any case. 2 Comp. Laws 1871, §§ 5724, 5732 (2 Comp. Laws 1929, §§ 14451, 14084). It is claimed, however, that by the statute of amendments no judgment by default shall be reversed for any 'imperfect or insufficient return.' 2 Comp. Laws 1871, § 6051 (3 Comp. Laws 1929, § 14148). This, however, must be read in the light of the whole section, and cannot go beyond formal defects or those by which 'neither party shall have been prejudiced.' " *Denison* v. *Smith,* 33 Mich. 155.

In passing upon the above-quoted statutory provisions this court has held that a return which does not show that jurisdiction of the defendant was acquired cannot be corrected. *Hoben* v. *Citizens' Telephone Co.,* 176 Mich. 596, wherein Justice McALVAY said:

"It cannot be held that this defect was one 'not being against the right and justice of the matter of the suit,' within the meaning of the statute (3 Comp.

Laws 1929, § 14149) ; and therefore cannot be amended in this court. The right of amendment does not extend to matters of jurisdiction.''

In the instant case, the record discloses that there was in fact a valid service of process upon defendant; but since the return upon which the default was based does not so show, the judgment entered must be vacated and the default set aside, and upon entering its general appearance defendant will be permitted to plead. If necessary, the appropriate writ will issue. Costs on appeal to appellant.

McDonald, C. J., and Clark, Potter, Sharpe, Fead, Wiest, and Butzel, JJ., concurred.