LEVY *v.* GITTELSON.

1. ATTACHMENT—DEFAULT—AFFIDAVIT OF PUBLICATION—PROOF OF
   PERSONAL SERVICE—APPEARANCE.

   The taking of a default in an attachment proceeding, based on
   publication of the notice of the issuance of the writ, is
   governed by statute requiring the lapse of 15 days after
   filing the affidavit of publication or before filing proof of
   personal service of such notice before proceeding further,
   during which 15 days the defendant is entitled to enter
   an appearance, if he desires to do so (3 Comp. Laws 1929,
   § 14785).

2. SAME—SERVICE OF PROCESS—APPEARANCE—DEFAULT—JUDGMENT.

   In proceeding by attachment where no actual service has
   been obtained nor any real appearance made, a scrupulous
   adherence to the settled course of practice is required and
   the plaintiff is held to a strict compliance with all conditions
   precedent to a judgment by default.

---

REFERENCES FOR POINTS IN HEADNOTES

[2–4] 4 Am. Jur., Attachment and Garnishment, § 86; 5 Am. Jur.,
   Attachment and Garnishment, §§ 938, 939, 941, 942, 944–946,
   959.

[2–4] Attachment proceedings as affected by officer's failure to
   comply with statutory requirements as to return or inventory.
   93 A.L.R. 748.

[5] 3 Am. Jur., Appearances, § 30; 31 Am. Jur., Judgments, § 549;
   42 Am. Jur., Process, § 4.

[6] 4 Am. Jur., Attachment and Garnishment, § 80; 13 Am. Jur.,
   Corporations, § 174.

[6] Situs of corporate stock (or stock in joint stock company) for
   purpose of attachment, garnishment or execution. 122 A.L.R.
   338.

[6] Conflict of laws as to title and transfer of corporate stock. 131
   A.L.R. 192.

[7, 8] 4 Am. Jur., Attachment and Garnishment, §§ 36, 80, 564.

[9] 4 Am. Jur., Attachment and Garnishment, § 21.

[9] What constitutes nonresidence for purpose of attachment. 26
   A.L.R. 180.

[10] 4 Am. Jur., Attachment and Garnishment, § 624; 5 Am. Jur.,
   Attachment and Garnishment, § 826.

3. SAME—SERVICE OF PROCESS—APPEARANCE—DEFAULT.

In the absence of either actual service of a writ of attachment or appearance by the defendant, a valid default is a needful preliminary to the final judgment, as defendant could not be deemed to have admitted the validity of the demand.

4. SAME—DEFAULT—JUDGMENT—EXECUTION.

Where less than 15 days had elapsed from time proof of publication was filed in attachment proceeding when default was entered, the attempted default was a nullity and judgment taken in reliance thereon was void, hence, order vacating judgment and writ of execution issued thereunder was properly entered (3 Comp. Laws 1929, § 14785).

5. JUDGMENT—FOREIGN JUDGMENT—SERVICE OF PROCESS—APPEARANCE.

A personal judgment recovered in another State will not be recognized as valid in this State, unless there was actual personal service on defendant or a voluntary appearance entered by him.

6. CORPORATIONS—UNIFORM STOCK TRANSFER ACT—SITUS OF STOCK.

Under the uniform stock transfer act a certificate of shares of stock is the shares of stock and the situs of the shares is the situs of the certificate, and such rule is applicable to all domestic corporations and such foreign corporations as have laws consistent with such act (2 Comp. Laws 1929, § 9520 *et seq.*).

7. SAME—DOMESTIC CORPORATION—FOREIGN-HELD CERTIFICATE OF STOCK—ATTACHMENT.

Where certificates of stock of a domestic corporation standing on its books in the name of defendant were in the custody of a receiver-sequestrator appointed by a New York court, such stock was not attached by service of a writ of attachment upon the officers of the corporation in this State in the absence of a surrender of such stock (2 Comp. Laws 1929, § 9532).

8. SAME—FOREIGN-HELD CERTIFICATES OF STOCK IN DOMESTIC CORPORATION—ATTACHMENT.

Transaction relative to surrender of certificates of stock of domestic corporation and issuance of new stock to receiver-sequestrator, appointed by a New York court, pursuant to action of the board of directors, which was subsequent to time officers of the corporation were served with process in

an attempt to attach such shares of stock did not subject such stock to the writ (2 Comp. Laws 1929, § 9532).

9. ATTACHMENT—PURPOSE.

The purpose of an attachment is to hold property taken under the writ until such time as execution can be taken out to enforce a valid judgment.

10. SAME—DURATION OF LIEN.

Where writ of attachment as to shares of stock of a domestic corporation had been issued considerably longer than six months at time the New York-appointed receiver-sequestrator moved to dissolve the writ, the lien of the writ was completely terminated, as the duration of such a lien is for a reasonable time only.

11. SAME—DISSOLUTION—PARTIES.

The right to ask for the dissolution of an attachment is not limited to a party defendant in the case (3 Comp. Laws 1929, § 14810).

12. SAME—DISSOLUTION—PARTIES—QUESTIONS REVIEWABLE ON APPEAL.

Where alleged service of writ of attachment upon officers' of a domestic corporation, the judgment, writ of execution, and sale held thereunder, clearly constituted an interference with the rights of a New York court and its appointed receiver-sequestrator in possession of the shares of stock sought to be attached, trial court's order adding such appointee as a party defendant for the special purpose of moving to dissolve the attachment is not open to attack on appeal from orders setting aside the judgment and dissolving the writ, especially where it does not appear to have been an issue raised by plaintiff in the trial court (3 Comp. Laws 1929, § 14810).

Appeal from Wayne; Webster (Clyde I.), J. Submitted January 12, 1949. (Docket No. 59, Calendar No. 44,237.) Decided April 11, 1949.

Attachment proceedings by Leon G. Levy against Louis L. Gittelson. Judgment for plaintiff. Judgment set aside on motion of Ada Gittelson as receiver-sequestrator. Plaintiff appeals. Motion of re-

ceiver-sequestrator to dissolve attachment granted.
Plaintiff appeals.    Affirmed.

*Fischer, Brown, Sprague, Franklin & Ford,* for
plaintiff.

*Felix F. Silver,* for receiver-sequestrator.

CARR, J.    This matter comes before us on appeals
from orders of the circuit court of Wayne county
vacating a judgment obtained in attachment proceed-
ings and dissolving the writ of attachment.    The
facts do not appear to be in material dispute.    Plain-
tiff brought suit against defendant Louis L. Gittel-
son in the State of New York on December 17, 1946.
Being unable to obtain personal service, the court
made an order for substituted service, and judg-
ment was taken by plaintiff under date of May 9,
1947.    Prior thereto Mrs. Gittelson had instituted
a separation suit against her husband, and on May
22, 1947, was appointed by the New York court as
receiver-sequestrator of Gittelson's assets in that
State.    A copy of such order was served on plaintiff.

Under date of July 15, 1947, plaintiff herein in-
stituted attachment proceedings in the circuit court
of Wayne county.    The affidavit annexed to such
writ alleged that defendant was not a resident of
Michigan, and had not resided therein for 3 months
immediately preceding the date of the affidavit.    It
further set forth that defendant was indebted to
plaintiff in the sum of $23,196.58 "due and payable
upon contract and upon judgment obtained in the
supreme court of New York, county of New York."
Plaintiff's original declaration, thereafter filed, was
based on the New York judgment.    Subsequently an
amended declaration was filed, based on the judg-
ment and on 3 notes the principal sums of which
aggregated $21,333.33.    It is claimed that the judg-

ment obtained by plaintiff in New York rested on these obligations.

At the time of the bringing of the attachment proceedings defendant was the owner of certain shares of stock in Willys-Detroit Distributors, Inc., a Michigan corporation. On the same date that the writ was issued plaintiff obtained an order restraining, until the further order of the court, the transfer of such shares. It appears that said order was served on representatives of the corporation at its office in the city of Detroit, but there was no service on defendant Gittelson. The writ of attachment was placed in the hands of the sheriff of the county. The return, which was filed August 8, 1947, set forth that on the 17th day of July preceding, a deputy, acting for the sheriff, "seized and attached certain shares of stock of the defendant," which were set forth in a certificate prepared by the secretary of the corporation as follows:

"66⅔ shares Class A, preferred stock, par value $100; 27⅑ shares Class B, preferred stock, par value $100. Beneficial interest under voting trust agreement, of 22⅑ shares common stock, par value $100.

"The company is also indebted to Louis L. Gittelson in the sum of $650, representing declared dividend on the Class A preferred stock."

Personal service on defendant not having been obtained, notice of the issuance of the writ of attachment was published in accordance with the statute. An affidavit of publication was filed on September 24, 1947. Default was entered on October 6th following, and judgment was taken on October 10th in the sum of $22,974.50, which was the same as the amount of the New York judgment including costs. A writ of execution was taken out on November 3, 1947, directing the sheriff to sell the stock of the defendant in Willys-Detroit Distributors, Inc.,

and also the indebtedness in the sum of $650 owing by said corporation to defendant. It may be noted in this connection that the return of the writ of attachment did not allege any seizure or attachment of such obligation. On December 5, 1947, the deputy sheriff filed return of service of the writ of execution, setting forth therein that after due notice of time and place of sale he had sold said property, including the indebtedness, to the plaintiff for the sum of $6,050.

Shortly after the filing of the return of the writ of execution, Mrs. Gittelson, as receiver-sequestrator of the assets of her husband, filed a motion to set aside the judgment, asserting therein that the judgment obtained by plaintiff in New York was of no effect in Michigan because based on substituted service; that no property of the defendant had been attached by the sheriff; that service had not been had on defendant Louis L. Gittelson; that plaintiff had been personally served with an order of the supreme court of the State of New York enjoining interference with any property, assets, or effects of Gittelson; and that plaintiff had proceeded fraudulently in that he had not advised the Michigan court of the fact that a receiver-sequestrator had been appointed by the New York court for the purpose of taking possession of the assets of the defendant in that State. Affidavits in support of the motion were filed therewith.

On February 24, 1948, on petition of Mrs. Gittelson, as receiver-sequestrator, she was added as a party defendant in the cause "specially for the purpose of moving to set aside the judgment and return of attachment in said cause." On the same date the court entered an order vacating the judgment and the writ of execution, said order further requiring that the plaintiff repay all funds obtained by him under said writ of execution to the persons from

whom he had received them. Apparently the latter part of said order was modified by a further order, entered March 23d following, requiring plaintiff to pay into court all funds which he had received under the writ of execution, or that he give bond to secure the payment of said funds in the event of the dismissal of the appeal by this Court.

The opinion of the trial judge indicates that the order vacating the judgment was based principally on the ground, set forth in the motion, that the default had been entered prematurely, and that in consequence the judgment based thereon was void. Said opinion also questioned the validity of substituted service in the New York suit in which plaintiff obtained his judgment, and further stated that a Michigan court could not recognize such judgment because based on substituted service.

Plaintiff appealed to this Court from the order vacating the judgment. Thereafter Mrs. Gittelson filed a motion in the circuit court for dissolution of the attachment, and obtained an order from this Court remanding the cause to the circuit court of the county of Wayne for the determination thereof. Said motion was based on the ground that the certificates of stock in Willys-Detroit Distributors, Inc., which defendant Louis L. Gittelson owned, were in the State of New York and in the possession of the receiver-sequestrator at the time of the alleged service of the writ of attachment, that such stock could not be lawfully attached in this State, and that the sheriff of Wayne county did not attach it under the writ. Plaintiff's answer to the motion admitted, on information and belief, that the sheriff did not actually obtain at any time possession of the stock certificates. The trial court, by order entered May 28, 1948, granted the motion, dissolving the attachment and, also, the restraining order entered in the cause. A motion for a rehearing was denied, and

plaintiff has appealed. Said appeal has been consolidated with the prior appeal from the order vacating the judgment, and the questions involved in the proceeding have been submitted on one record.

The taking of a default in an attachment proceeding, based on publication of the notice of the issuance of the writ, is governed by the provisions of 3 Comp. Laws 1929, § 14785 * (Stat. Ann. § 27.1783) which reads, in part, as follows:

"If a copy of the attachment shall not have been served upon any of the defendants and none of them shall appear in the suit, the plaintiff, on filing an affidavit of publication of the notice hereinbefore required for 6 successive weeks, or on filing due proof of personal service of such notice on any defendant not less than 15 days prior to the filing of such proof, may proceed in such suit as if a copy of such attachment had been personally served upon the defendants."

After the filing of the proof of publication the defendant is entitled to the same length of time to enter an appearance in the case, if he desires to do so, as he would have following personal service of process. In *Woolkins* v. *Haid,* 49 Mich. 299, the default was entered prematurely, such default being based on publication of the notice of the issuance of the writ of attachment. In commenting on the situation, it was said:

"In suits by attachment where no actual service has been obtained nor any real appearance made a scrupulous adherence to the settled course of practice has always been required, and the plaintiff has uniformly been held to a strict compliance with all conditions precedent to a judgment by default. *Thompson* v. *Thomas,* 11 Mich. 274; *Wells* v. *Walsh,* 25 Mich. 344; *Millar* v. *Babcock,* 29 Mich. 526; *King*

* 4 Comp. Laws 1948, § 626.23.—REPORTER.

v. *Harrington,* 14 Mich. 532. The default here entered was wholly unauthorized and has no force. The proceedings derive no support from it. But as there was no actual service and no appearance in fact a valid default was a needful preliminary to the final judgment. It could not be dispensed with. Unless the defendant was ascertained to be in default he could not be deemed to have admitted the validity of the demand, and the right to proceed as though he had could not be assumed."

Likewise in *Trowbridge* v. *Bullard,* 81 Mich. 451, the judgment was held void because the default on which it was based had been entered in disregard of the governing statute. See, also, *Vohlers* v. *E. H. Stafford Manufacturing Co.,* 171 Mich. 8 (Ann. Cas. 1914B, 1032); 9 Callaghan's Michigan Pleading and Practice, p. 239.

In the case at bar proof of publication was filed, as before noted, on September 24, 1947. The default was entered on the 6th of October following, which was within the 15-day period specified in the statute. Evidently this was done inadvertently, the affidavit of default setting forth that more than 15 days had elapsed since the filing of the affidavit showing publication of the notice. However, the fact remains that the attempted default was a nullity, and the judgment taken in reliance thereon was void. It follows that the order of the trial court, vacating such judgment and the writ of execution issued thereunder, was properly entered.

It is apparent that such judgment was based on the judgment entered by the New York court on substituted service. Such fact is indicated by the statements made by the trial judge in his opinion. It may be noted, also, that the amount thereof is identical with the total of the New York judgment including costs. While the notes were attached to the amended declaration as exhibits and were expressly

declared on, it does not appear that they were offered in evidence in support of the motion for a default judgment. The record discloses that they were so offered and received on the hearing of the motion to vacate the judgment, a fact that suggests that they had not previously been put in proof. This State does not recognize as valid a personal judgment recovered in another State, unless there was actual personal service on defendant or a voluntary appearance entered by him. See *Stewart* v. *Eaton,* 287 Mich. 466, 476 (120 A. L. R. 1354); *Baker* v. *Baker, Eccles & Company,* 242 U. S. 394 (37 Sup. Ct. 152, 61 L. Ed. 386); 49 C. J. S. p. 57.

The principal question at issue in the case concerns the order of the trial court dissolving the writ of attachment. In *Haughey* v. *Haughey,* 305 Mich. 356, it was held that under the uniform stock transfer act of this State (2 Comp. Laws 1929, § 9520 *et seq.*\* [Stat. Ann. § 19.331 *et seq.*]):

"A certificate of shares of stock is the shares of stock and the situs of the shares is the situs of the certificate, and such rule is applicable to all domestic corporations and such foreign corporations as have laws consistent with such act." (Syllabus)

It was further pointed out that the common-law rule existing prior to the enactment of the statute had been changed thereby. It appears from the record before us in the case at bar that, at the time the writ of attachment was issued, the certificates of stock belonging to defendant Gittelson were in the State of New York, in the custody of the New York court through the receiver-sequestrator appointed in the separation suit. The nature of such custody is indicated by the decisions of the New York court of appeals in *Stokes, as Receiver of the Hoffman House* v. *Hoffman House of New York,* 167

---

\* 3 Comp. Laws 1948, § 441:1 *et seq.*—REPORTER.

N. Y. 554 (60 N. E. 667, 53 L.R.A. 870), and *Geary* v. *Geary,* 272 N. Y. 390 (6 N. E. [2d] 67, 108 A.L.R. 1293). The trial court was correct in holding that the stock of. defendant Gittelson in Willys-Detroit Distributors, Inc., was not attached under the writ.

2 Comp. Laws 1929, § 9532 *( Stat. Ann. § 19.343) provides, in part, as follows:

"No attachment or levy upon shares of stock for which a certificate is outstanding shall be valid until such certificate be actually seized by the officer mak-' ing the attachment or levy, or be surrendered to the corporation which issued it, or its transfer by the holder be enjoined."

Plaintiff relies on the issuance of the order, served on the corporation, restraining a transfer of the stock. It is conceded, however, that such order was not served on defendant, and, as before noted, the certificates of stock were in the custody of the New York court through its receiver-sequestrator. The certificates were not surrendered to the corporation, nor, under the circumstances, could such action have been taken without authority of the court having custody.

Counsel further calls attention to the fact that, shortly prior to the bringing of the attachment proceeding, Willys-Detroit Distributors, Inc., had taken action to retire part of its preferred stock, that in accordance with such action a new certificate in Gittelson's name for the reduced number of shares was issued, such new certificate and the money for the stock retired being held for the shareholder, to be delivered to him on surrender of the old certificate. It was further provided in the corporate action taken that the old certificates so affected would be of no force after August 15, 1947. The record indicates that subsequent to said date Mrs. Gittelson

---

* 3 Comp. Laws 1948, § 441.13.—Reporter.

surrendered the old certificate to the corporation. Obviously at the time of the surrender it had no value except for purposes of the exchange for the new certificate, which then became effective, and the cash payment for the number of shares retired. Whether such surrender was with the approval of the New York court is not material. The surrendered certificate was not subject to the attachment, nor did the new certificate which the corporation held for delivery, and which became effective in accordance with the action of the board of directors, become subject thereto. A subsequent transaction, of like nature, involving the retirement of additional shares of the preferred stock, does not, for obvious reasons, require discussion.

There is another aspect of the situation to which attention may properly be directed. The purpose of an attachment is to hold property taken under the writ until such time as execution can be taken out to enforce a valid judgment. Under plaintiff's theory that shares of corporate stock belonging to defendant Gittelson were properly attached, the conclusion necessarily follows that they could be so held for a reasonable time only, for further valid action in the proceeding. For the reasons above indicated, the judgment, the writ of execution to enforce it, and the sale, were void. An analogous situation was presented in *Trowbridge* v. *Bullard, supra.* There, as in the case at bar, the judgment entered was void because the default on which it was based was entered prematurely. The sale under the writ of execution taken out to enforce the judgment was likewise void. Suit was brought against the deputy sheriff who conducted such sale. The latter sought to defend on the ground that the lien of the writ of attachment still obtained. However, a period of more than 6 months had elapsed after the issuance of such writ and service thereof. It was held that

to continue the effective force of the attachment for such period would be unreasonable, and that the property, having been levied on under the writ of execution, had been removed from the protection of the writ of attachment. Commenting on the situation, it was said:

"The office of the writ of attachment is to hold the property until the coming of an execution to enforce the judgment against the property of the debtor, so that the debtor may not put his property beyond the reach of such creditor when he shall obtain his judgment; but the creditor has no right to hold the property beyond a reasonable time to obtain his judgment and issue and levy his execution, and the attachment is no justification to the officer in selling and disposing of the property, unless it is done under the execution thereafter issued. The writ of attachment confers no right to sell the property except in special cases, when ordered by the court. The officer had sold the property on a void execution, and applied the proceeds on a void judgment."

The *Trowbridge Case* was cited by the circuit court of appeals of the sixth circuit, as stating the law of Michigan, in *Williams* v. *Banana Distributing Co.*, 59 Fed.(2d) 645. In the case at bar a period considerably longer than 6 months ensued between the purported service of the writ of attachment and the making of the motion for its dissolution. It follows that, under the rule in *Trowbridge* v. *Bullard,* supra, the lien under the writ of attachment was, even if we accept plaintiff's theory of the law and his claims as to the facts, completely terminated. If such was the situation, plaintiff was not aggrieved by the order in terms dissolving the writ.

Plaintiff questions the right of Mrs. Gittelson, as receiver-sequestrator under the order of the New York court, to object to the writ of attachment or the judgment and proceedings thereunder. The

order allowing her to be added as a defendant for the special purpose of raising such questions is in effect assailed as improper, although it does not appear that plaintiff raised the issue in the trial court, or sought to have such order set aside. We think, however, that Mrs. Gittelson in her representative capacity was properly allowed to call to the attention of the Michigan court the situation with reference to the proceeding in the New York supreme court, in which she was appointed as. receiver-sequestrator, and to defend the rights of custody of said court and her own rights as its representative. Under 3 Comp. Laws 1929, § 14810 * (Stat. Ann. § 27.1808), the right to ask for the dissolution of an attachment is not limited to a party defendant in the case. *Detroit & Security Trust Co.* v. *Gitre,* 254 Mich. 66.

As above pointed out, the custody of the shares of stock owned by defendant Gittelson in Willys-Detroit Distributors, Inc., was in the New York court, to be exercised in the manner indicated by its order. 45 Am. Jur. p. 128. The alleged service of the writ of attachment in the instant proceeding, the judgment, the writ of execution, and the sale held thereunder, clearly constituted an interference with the rights of the New York court and of Mrs. Gittelson as its receiver-sequestrator. We think, therefore, that the order of the trial court, adding her as a party defendant for the special purposes indicated in said order, is not open to attack. See *Geer* v. *Traders' Bank of Canada,* 132 Mich. 215.

We find no error with respect to either of the orders from which plaintiff has appealed. They are, therefore, affirmed, with costs to appellee. In view of the order requiring the payment into court of any funds received by plaintiff as a result of the

---

* 4 Comp. Laws 1948, § 626.48.—REPORTER.

execution sale, or the giving of a bond in lieu thereof, the case is remanded for such further proceedings as may be found necessary.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.