[No. 34961. Department One. August 20, 1959.]

HATTIE C. BELLINGER *et al.*, *Respondents*, v. WEST COAST TELEPHONE COMPANY, *Appellant.*[1]

*Parker Williams* and *Edward J. Novack*, for appellant.

*Anderson & Hunter*, for respondents.

[1]Reported in 343 P. (2d) 189.

HUNTER, J.—This appeal involves an action to determine the rights of certain nonresidents asserting ownership to stock in a Washington corporation by virtue of a joint tenancy agreement.

The facts are not in dispute and may be summarized as follows: The defendant is a Washington corporation. The plaintiff Hattie C. Bellinger, is the surviving wife of Grover C. Bellinger, who died on October 24, 1956, while a resident of the state of Oregon. The plaintiff Levin S. Deats is the surviving husband of Elizabeth Deats, who died on November 9, 1956, while a resident of the state of California. The laws of both Oregon and California permit the right of survivorship as an incident of joint tenancy. Prior to the aforementioned deaths, the respective husbands and wives purchased common stock of the defendant and were issued certificates of stock in Oregon and California, where they resided, which recited that the respective husband and wife held such stock as "joint tenants, with right of survivorship and not as tenants in common."

Each plaintiff, following the death of the spouse, submitted to the defendant inheritance tax releases from the state of residence of the deceased spouse, endorsed the certificate in blank, and requested the defendant to transfer such shares and to issue a certificate to such surviving spouse as the sole owner. The defendant refused to do so, contending that survivorship as an incident of joint tenancy had been abolished by the laws of the state of Washington, and that the corporation cannot recognize any right of survivorship in favor of the respective plaintiffs. The trial court held that the law of the place of the domicile of the deceased joint tenant at the time of his death governs whether the right of survivorship as an incident of joint tenancy may exist. Judgment was entered for the plaintiffs, directing the defendant to transfer to the plaintiffs the stock represented by the respective certificates and to register the same on the corporate books. The defendant corporation has appealed. Pending the appeal of this cause one of the respondents, Levin S. Deats, died, and Rowena E.

Weibrod, as executrix, was substituted as one of the respondents in the action.

The issue involved in this appeal is one of first impression in the state of Washington. It is appellant's contention that, since it is a domestic corporation, the Washington statute (RCW 11.04.070) abolishing joint tenancy is applicable in the instant case and bars the respondents from asserting complete ownership, based upon the fact that they are the sole surviving joint tenants listed on their respective certificates.

The appellant argues that the law abolishing joint tenancy enters into and becomes a part of the articles of incorporation, which articles are held to constitute a contract between the corporation and its stockholders; that therefore the corporation and stockholders cannot between themselves contract away the application of such law or prevent such law from being a controlling provision in such contractual rights and obligations.

The appellant relies upon the case of *State ex rel. Swanson v. Perham*, 30 Wn. (2d) 368, 191 P. (2d) 689 (1948), wherein we stated:

"The laws of the state in which a corporation is organized, whether such laws be of constitutional or statutory origin, enter into and become a part of its *articles of incorporation*. As expressed by the authorities, the charter of a corporation organized under general law consists of its articles of incorporation, the existing state constitution, the particular statute under which the corporation is formed, and all other general laws applicable thereto. 13 Am. Jur. 215, Corporations, § 73; 18 C. J. S. 422, Corporations, § 43."

■ The appellant's interpretation of the rule stated in the *Swanson* case, is incorrect. The *Swanson* case involved the question of a statute which dealt specifically with corporations regarding cumulative voting under the Uniform Business Corporation Act, and being applicable to corporations therefore became a part of the articles. The general rule, as stated in the *Swanson* case, is that all other general laws *applicable thereto* enter into and become a part of the

articles of incorporation. In 7 Fletcher, Cyclopedia Corporations (Perm. ed.), 759, § 3635, the rule is stated thus:

"When a corporation is created or formed under a general corporation law, its charter consists of the law under which it is organized, and of the articles or certificate of association or incorporation adopted or issued in pursuance of the law, in so far as they are in compliance with and authorized by the law. In such case, there is impliedly written into the charter, as a constituent part thereof, every pertinent provision of the constitution and statutes of the corporation's creation, and applicable provisions of the constitution and general laws of the state in force at the time the company is incorporated are as much a part of its charter as though expressly written therein. *But, it has been observed, that statutes of the state do not become a part of the corporate charter where they do not in any sense grant or restrict the powers of the corporation, or are of a character such as to negative any intention on the part of the legislature to make them a part of the charter contract.*" (Italics ours.)

In the case of *Staples v. Kirby Petroleum Co.* (Tex. Civ. App.), 250 S. W. 293, the court, in determining what laws were included in the articles of incorporation, stated:

" 'It is the charter alone which, by the law of comity, is recognized and enforced in other jurisdictions. * * * Where a state statute is enacted for the enforcement of a local policy only it will not be presumed that such statutory provisions were intended by the state, or by the shareholders forming the corporation, to enter into the charter contract, and to regulate the company in its transactions outside of the state.' Warren v. Bank, 149 Ill. 25, 38 N. E. 125, 25 L. R. A. 746.

" . . see Nathan v. Lee, 152 Ind. 232, 52 N. E. 989, 43 L. R. A. 820 . . .

"*It is only that part of a statute under which a charter is granted which grants or restricts the powers of the corporation that becomes a part of the charter.* The Delaware statute, in that portion cited in this opinion, does neither. It relates only to the question of taxation, a matter in which the state of Delaware has no interest in other states. For this reason alone it must be presumed that it was not intended to have extraterritorial force. . . ." (Italics ours.)

The appellant next contends that its position can be sustained through the application of the principles governing conflict of laws; that the "choice-of-law" rule is generally held to be that the law of the situs of the personal property controls the validity of transfer and the passage of title and ownership thereof, citing 11 Am. Jur. 353, Conflict of Laws, § 66; that the situs of the stock is the situs of the corporation, citing 131 A. L. R. 192.

This contention is untenable as it is premised on the statement that the situs of the stock is the situs of the corporation, which is an incorrect statement of the rule as applied to the laws of this state. Since the adoption of the Uniform Stock Transfer Act, Laws of 1939, chapter 100, p. 287, RCW 23.20.020, the rule recognized in this state is that the situs of the stock is the situs of the stock certificate. In *Fuller v. Ostruske*, 48 Wn. (2d) 802, 296 P. (2d) 996 (1956), we stated:

"Prior to the enactment of the uniform stock transfer act, it was generally held in most jurisdictions that shares *of stock should be considered as located at the domicile of* the state of incorporation of the company, the certificate being merely evidence of the fact of ownership of the shares and not in itself constituting attachable property. The uniform act, however, which has been adopted in both Washington (RCW 23.20) and Alaska (Alaska Comp. Laws, 36-1-41), *adopts the 'commercial' theory of stock certificates, whereby the shares are identified with the certificates, which are not regarded as mere evidences of the stock but the stock itself.*" (Italics ours.)
707

The above statement was not necessary to the decision of the *Ostruske* case, but it is a correct statement of the rule applicable to the Uniform Stock Transfer Act.

This rule that the stock is identified with the certificate by virtue of the Uniform Stock Transfer Act conforms with the rule of other jurisdictions that have adopted the uniform act. In *Klein v. Wilson & Co.*, 7 F. (2d) 769, the court said:

"Under these provisions [uniform transfer act] I conceive the stock certificates to be more than mere evidence of in-

terest in property, and to be the concrete physical representation of such interest, possessed of such characteristics and qualities as necessitates an actual delivery thereof in order to transfer title to the certificates themselves and the shares represented by them. This being the case, they are properly within the jurisdiction of, as they are doubtless in the possession of, the domiciliary receivers [in New York], and quite beyond any claim which might be asserted by a receiver appointed under any New Jersey [state of incorporation] authority, state or federal."

In *Snyder Motor Co. v. Universal Credit Co.* (Tex. Civ. App.), 199 S. W. (2d) 792, the rule is stated that

" '. . . The object of the Uniform Stock Transfer Act already adopted by a majority of our leading states was to simplify and unify the transfer of stock, and make it, as far as consistent with the rights of all parties, negotiable paper. . . . '

"We therefore find that by the passage of the Uniform Stock Transfer Act it portrays the commercial view *that the shares of stock are identified with the certificate which we regard as the stock itself.* . . . " (Italics ours.)

See, also, *Levy v. Gittelson,* 324 Mich. 242, 37 N. W. (2d) 105.

■ It being determined that the stock is identified with the certificates, in the instant case the situs of the stock is at the domicile of the respective owners in Oregon and California, where the stock certificates are located. Therefore, it follows that the stock is properly within the jurisdiction of those states subject to the laws thereof which allow certificates to be held in the form of joint tenancy with the right of survivorship.

■ The trial court was correct in holding that the laws of Oregon and California, which both recognize joint tenancy, are applicable and that the respective respondents hold title to the stock by virtue of their ownership of the certificates. The judgment of the trial court is affirmed. It is so ordered.

DONWORTH, ROSELLINI, and OTT, JJ., concur.

MALLERY, J., concurs in the result.