Jacob W. HENOCK and Kate K. Henock,
his wife, Appellants,

v.

Willis H. YEAMANS, Appellee.

No. 21420.

United States Court of Appeals
Fifth Circuit.

Jan. 13, 1965.

Samuel H. Rubin, Detroit, Mich., Guion T. DeLoach, Miami, Fla., for appellants.

Harry G. Carratt and Morgan, Carratt & O'Connor, Fort Lauderdale, Fla., for appellee.

Before TUTTLE, Chief Judge, and JONES and GEWIN, Circuit Judges.

JONES, Circuit Judge:

The district court dismissed the second amended complaint filed by the appellants,

Jacob W. Henock and Kate K. Henock, his wife, residents of Michigan, against the appellee, Willis H. Yeamans, a resident of Florida. From the order of dismissal and from the order denying a petition for rehearing, this appeal is taken.

From the second amended complaint and the exhibits thereto it appears that in September, 1958, the Henocks, by a written contract, agreed to sell to Arthur P. D'Aoust and wife land described in the contract situate in Michigan. The contract price was $30,000 of which $4,500 was recited as paid, with the balance to be paid in monthly installments of $225. D'Aoust and wife executed an assignment dated July 29, 1960, of the contract to Yeamans, conveying and warranting the land "subject to any restrictions upon the use of the same and a balance owing upon said contract" of $24,115.05, with interest. The Henocks and Yeamans entered into an agreement dated August 4, 1960, which recited the execution of the sales contract and its assignment to Yeamans. The preamble to this agreement recited its purpose as being to change the due date of the monthly installments from the 26th to the 1st of each month, and the contract terms [1] gave effect to the recital. The sales contract date, September 26, 1958, was correctly set forth in the preamble to the agreement of August 4, 1960, so the subsequent refer-

ence to an incorrect date seems immaterial.

Mr. and Mrs. Henock brought a suit in the Circuit Court of Wayne County, Michigan, naming Yeamans as a defendant. Much of the record in the Michigan proceeding, perhaps all of it, was before the district court and is before us. The bill of complaint in the Michigan case was filed on September 21, 1962. It alleged a default in the payment of the installments under the contract and prayed for foreclosure, a deficiency decree, and a receivership pendente lite. On the day the bill of complaint was filed the court entered two orders. By one of these the Court commanded Yeamans to show cause before October 5, 1962, why a receiver should not be appointed and directing that a copy be sent to him at his Florida address by certified mail. The other order, which was captioned "Order for Publication, Service and Appearances," ordered Yeamans to enter his appearance within three months or the bill of complaint would be taken as confessed against him.

Yeamans responded to the first order by filing, through counsel, a writing which was entitled "Special Appearance and Motion to Quash," [2] attacking the service of the order to show cause and moving that it be quashed. Yeamans made no response to the second order and

---

[1] "1. That the contract dated November 7, 1958 [sic] between JACOB WILSON HENOCK and KATE K. HENOCK, his wife, as Sellers and ARTHUR P. D'AOUST and DENISE D'AOUST, his wife, as Purchasers, be, and the same is hereby amended to provide for the monthly payments to be made on the 1st day of each month.

"2. It is further agreed that all of the terms and provisions of said contract shall remain in full force and effect except as hereinbefore modified.

"3. This Agreement shall bind the heirs, assigns, successors, and legal representatives of the respective parties."

[2] "Comes now WILLIS H. YEAMANS, one of the defendants in the above entitled cause, by his attorney, JACK SCHON, and does herewith appear specially for the sole purpose of filing this motion to quash order to show cause heretofore filed in this cause, and says as follows:

"1. That the defendant, WILLIS H. YEAMANS, is and was at all times pertinent to the issues in this cause, a resident of Fort Lauderdale, Florida.

"2. That he received, by certified mail, a copy of the Order to Show Cause and Bill of Complaint filed in this Court and cause.

"3. That the service of said Order to Show Cause by certified mail is improper, invalid and illegal, contrary to the rules and practice of this Court, and the statute in such case made and provided.

"WHEREFORE, WILLIS H. YEAMANS, defendant herein, by his attorney, JACK SCHON, does herewith appear specially and move this Honorable Court to quash the Order to Show Cause heretofore filed in this cause of action."

nothing else was filed by him. A receiver was appointed and in the order reference was made to the special appearance and motion of Yeamans with a recital that the court considered it, but there was no ruling on the motion unless such a ruling be implicit in the appointment of a receiver.

The Michigan suit proceeded to a judgment of foreclosure. It was recited in the judgment that the complaint was taken as confessed by Yeamans. A sale of the property was directed, and it was ordered that upon confirmation of the report of sale, "the said defendant who is hereby adjudged to be liable for the debt secured by said land contract, shall pay to the plaintiffs the amount of such deficiency, with interest thereon from the date of such report." The commissioner's report, filed March 20, 1963, and confirmed on April 5, 1963, showed a deficiency of $13,479.17.

It was asserted by the Henocks in their action in the present case, first, that Yeamans is liable on the Michigan judgment and, second, although not very artfully pleaded, that Yeamans was liable because he had assumed the obligation of the contract. Both of these contentions were rejected by the district court.

The record before us does not show that the second order was published and hence it may be doubted whether there was such a compliance with the Michigan law as was necessary in order to give the Michigan Court jurisdiction over the res. The judgment recites that the complaint was taken as confessed by Yeamans but makes no jurisdictional findings. Since this question is not expressly raised, we will assume that publication was in fact made.

The special appearance of Yeamans was made for the purpose of testing the sufficiency of the order by which it was sought to obtain jurisdiction for the appointment of a receiver, and for no other purpose. It seems to be the law of Michigan that one who appears specially for the purpose of objecting to the court's jurisdiction is precluded, after an adverse ruling, from collaterally attacking a judgment on the ground that the court had no jurisdiction over the defendant. Johnson v. Haley, 357 Mich. 411, 98 N.W.2d 555. Under this principle Yeamans would be bound by the order appointing a receiver.

The constructive service by publication on the foreclosure itself had not been perfected when Yeamans made his attack on the service of the order to show cause. Yeamans made no response to the foreclosure, either on the merits or as to jurisdiction. It is the general rule that the jurisdiction of a court to render a personal judgment against a nonresident individual cannot be exercised where the defendant is not within the state and has not consented to the exercise of the court's jurisdiction over him. Restatement, Conflict of Laws 115, § 77; 21 C.J.S. Courts § 76, p. 113. This is the law of Michigan. Stewart v. Eaton, 287 Mich. 466, 283 N.W. 651, 120 A.L.R. 1354; Larson v. Dubuque Fire & Marine Insurance Co., 238 Mich. 366, 213 N.W. 140. See also Levy v. Gittelson, 324 Mich. 242, 37 N.W.2d 105. This is the law of Florida. Matz v. O'Connell, Fla.App., 155 So.2d 705; Cournand v. Lucor Corporation, et al., Fla.App., 114 So.2d 733; Beverly Beach Properties, Inc., et al. v. Nelson, et al., Fla., 68 So.2d 604, 41 A.L.R.2d 1071, cert. den. Rensta et al. v. Beverly Beach Properties, Inc., et al., 348 U.S. 816, 75 S.Ct. 27, 99 L.Ed. 643. The application of this principle denies relief to the Henocks in this action.

Yeamans did not assume or agree to pay the contract price in the assignment or in the agreement changing the installment maturities. In the absence of an assumption of the debt by the assignee, he is not liable to the vendor for the purchase price or for a deficiency after foreclosure. 55 Am.Jur. 838, Vendor and Purchaser § 427. This is true in Michigan where it seems that the vendor cannot recover from the assignee even where there has been an express agreement of the assignee to pay the amounts payable under the contract. Peoples Savings Bank v. Geistert, 253 Mich. 694, 235 N.W. 888. The general rule is the law

of Florida. Jenkins v. City Ice & Fuel Co., 118 Fla. 795, 160 So. 215.

The district court properly denied relief. Its judgment of dismissal is

Affirmed.