[No. 75-3.   Division Three.   February 9, 1971.]

GOLCONDA MINING CORPORATION, *Appellant*, v. HECLA
MINING COMPANY, *Respondent*.

*Allan H. Toole* and *Robert L. Magnuson* (of *Witherspoon, Kelley, Davenport & Toole*) and *Dwayne E. Copple* (of *Le-Sourd, Patten & Slemmons*), for appellant.

*Lawrence R. Small* (of *Paine, Lowe, Coffin, Herman & O'Kelly*), *Jerome Williams* (of *Cashatt, Williams, Connelly & Rekofke*), and *James P. Keane* (of *Brown, Peacock & Keane*), for respondent.

GREEN, J.—Plaintiff, Golconda Mining Corporation ("Golconda"), a stockholder of defendant, Hecla Mining Company ("Hecla"), brought this action against defendant and six of its seven directors to establish its right to vote its shares on a cumulative basis in the election of directors. Both parties moved for summary judgment. The trial court granted Hecla's motion, holding Hecla's shareholders did

not have the right to vote their shares cumulatively. From this decision, Golconda appeals.[1]

Hecla was incorporated in this state in 1898. Its articles of incorporation provided for a duration of 50 years in accordance with then existing state law. It is agreed between Golconda and Hecla that at the time of incorporation and at all times prior to enactment of the Washington corporation act of 1933, Laws of 1933, ch. 185, the law in effect provided for straight voting in the election of Hecla directors.[2] From the time of Hecla's incorporation until the commencement of this action, no stockholder ever sought to vote its shares cumulatively in the election of directors; all shares were voted on a straight-vote basis.

Polaris Mining Company in 1958 and Lucky Friday Silver-Lead Mines Company in 1964 were merged into Hecla. As a result of the latter merger, Golconda became the largest single stockholder of Hecla. H. F. Magnuson, an officer and director of Golconda since the Hecla-Lucky Friday merger, had served on Hecla's board of directors since 1960 and was in effect Golconda's representative on the board after 1964. When Golconda received notice of Hecla's annual meeting to be held May 29, 1969, Mr. Magnuson's name was not included in management's slate of nominees for directors. Golconda, recognizing that a cumulative vote of its shares would elect Mr. Magnuson to the Hecla board, brought this action seeking to establish the right to vote its shares cumulatively at this meeting. The trial court held there was no right to cumulate votes.

■ ■ Golconda contends that by amending its articles of incorporation in 1935, changing its corporate duration from 50 years to perpetual, Hecla became subject to the Washington corporation act of 1933 providing for cumulative voting.[3] We disagree. Although the constitution of this

[1] The parties have presented an agreed statement of facts.

[2] See *State ex rel. Swanson v. Perham*, 30 Wn.2d 368, 191 P.2d 689 (1948), at 371, for contrast between the straight voting method and cumulative voting.

[3] RCW 23.01.290:

"(3) In the election of directors, every shareholder of record shall

state reserves to the state the power to alter, amend or repeal corporation laws, article 12, section 1, the legislature in adopting the corporation act of 1933 included a savings clause as follows:

> This chapter shall not impair or affect any . . . right accruing, accrued or acquired . . . prior to the time this chapter takes effect, but the same may be enjoyed, asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if this chapter had not been passed.

RCW 23.01.920. Interpreting this savings clause, the Supreme Court in *State ex rel. Swanson v. Perham*, 30 Wn.2d 368, 191 P.2d 689 (1948) held the act of 1933 providing for cumulative voting could not be applied to corporations formed prior to the passage of the act so as to divest the majority stockholders of their vested right to elect directors by the straight voting method provided by the law in effect when the corporation was formed.

The act of 1933 provided:

> (1) A corporation which has been formed under this chapter, *or a corporation which existed at the time this chapter took effect and of a class which might be formed under this chapter*, shall have the capacity to act possessed by natural persons, but such a corporation shall have authority to perform only such acts as are necessary or proper to accomplish its purposes and which are not repugnant to law.
>
> (2) *Without limiting* or enlarging the grant of authority contained in *subsection (1)* of this section, it is hereby specifically provided that every such corporation shall have authority:
>
> . . .
>
> (b) to continue as a corporation for the time limited in its articles of incorporation or if no such time limit is specified, then perpetually; . . .

(Italics ours.) RCW 23.01.110.

---

have the right to multiply the number of votes to which he may be entitled under subsection (1) of this section by the number of directors to be elected, and he may cast all such votes for one candidate or he may distribute them among any two or more candidates."

(1) A corporation may, at a meeting of the share-holders duly called upon notice of the specific purpose, and in the manner herein provided, amend its articles in any respect so as to include any provision authorized by this chapter, *or so as to extend the period of its duration for a further definite time or perpetually.*

(Italics ours.) RCW 23.01.400(1).

It is evident the act was intended to apply to existing corporations that could have been formed under the act, except as to those rights the legislature intended to preserve by the savings clause. It is undisputed Hecla is within a class that could have been formed under the act. However, Hecla's articles specified its duration to be 50 years. To take advantage of perpetual existence the articles were amended. Amendment of articles was provided by law as early as 1881 and thereafter.[4] It seems evident from a reading of the statute a pre-1933 corporation omitting reference to duration in its articles would automatically have perpetual existence without becoming subject to the act, RCW 23.01.110(2)[5]; whereas, if we adopt Golconda's contention, Hecla, having provided in its articles for limited duration, would by amendment removing the limitation become subject to the act. We do not believe the legislature intended this result because in either instance a corporation was subject to a limited existence of 50 years under the

---

[4]See legislative history to RCW 23.01.400.

[5]Golconda argues that pre-1933 corporation law required that all articles "shall state . . . the time of its existence, not to exceed fifty years . . . Ballinger's Codes and Statutes of Washington § 4251 (1897 ed.)." They suggest that any articles filed which did not state the term of existence would have been defective and perhaps invalid. It seems obvious the legislature, when it enacted RCW 23.01.110, did not consider that such omission would render the articles invalid. This is understandable in view of *Howe v. Washington Land Yacht Harbor, Inc.*, 77 Wn.2d 73, 459 P.2d 798 (1969), at 84, where it was said:

It is elementary in this state that the laws of this state, whether constitutional or statutory, enter into and become a part of the articles of incorporation. See *State ex rel. Swanson v. Perham*, 30 Wn.2d 368, 375, 191 P.2d 689 (1948). This is particularly so where the statute grants or restricts the powers of the corporation. *See Bellinger v. West Coast Tel. Co.*, 54 Wn.2d 576, 579, 343 P.2d 189 (1959).

law in effect prior to 1933. The trial judge appropriately observed in his memorandum opinion:

> It is apparent from the provisions of the 1933 Act that the legislature was terminating any control whatsoever which it had over the term of existence of a corporation. This then became the public policy in the state and the right to comply with that public policy was accorded to all corporations pre-existing and subsequent to its enactment. This provision freed the corporations from that control. It didn't bring them under further controls by other provisions of the statute. This is especially apparent when one considers the savings clause . . . in conjunction with all the other provisions of the Act . . .

Moreover, there is no provision in the act requiring Hecla, as a condition to perpetual existence, to subject itself to the cumulative voting provision and the shareholders did not agree to do so. If Golconda's position were followed, it would mean that when two-thirds of the shareholders of Hecla extended the duration, they, by implication and without their knowledge, also divested themselves and the remaining shareholders of their vested right to the straight voting method. We do not believe that rights which *State ex rel. Swanson v. Perham, supra,* considered so important as to be vested should be so easily divested.

The cases[6] relied upon by Golconda from other jurisdictions are distinguishable because the statutory provisions involved in those cases differ substantially from the act of 1933.

Golconda also contends when Polaris and Lucky Friday were merged into Hecla under provisions of the act of 1933, Hecla thereby accepted the benefits of the act and thus became subject to all of the terms of the act. We disagree. Preexisting corporations were intended to be subject to all of the provisions of the act of 1933 except those rights described in the savings clause. *State ex rel. Swanson v. Perham, supra,* at 375. The savings clause does not except

---

[6] *Hanks v. Borelli,* 2 Ariz. App. 589, 411 P.2d 27 (1966); *Federal Deposit Ins. Corp. v. Beasley,* 193 Ga. 727, 20 S.E.2d 23 (1942); *Northern Bank of Kentucky v. Stone,* 88 F. 413 (6th Cir. 1898).

mergers nor can it be interpreted to apply to mergers. Hence, the contention is without merit.

The other errors raised by Golconda require a brief statement of additional facts. In 1944 the Securities and Exchange Commission for the first time advised Hecla it appeared Hecla's shareholders had cumulative voting rights under the act of 1933; therefore, they suggested Hecla's proxy statement state that each share had cumulative voting rights. Words of similar import were contained in annual proxy statements through 1954. In 1954, Hecla's legal counsel rendered an opinion that Hecla's shareholders did not have cumulative voting rights. Based on such legal opinion, the commission authorized Hecla to delete the reference. This legal opinion was confirmed by various other legal counsel. The proxy statements for 1955 through 1958 stated each share was entitled to one vote and the statements for 1959 through 1967 contained the additional statement that Hecla shares did not have cumulative voting rights.

Effective July 1, 1967, the legislature enacted a new corporation act providing that shareholders of corporations would have the right to vote on a cumulative basis unless the articles of incorporation provided otherwise. RCW 23A.08.300. This 1967 act contained a savings clause similar to the one in the act of 1933. RCW 23.01.920; RCW 23A.44.145. Hecla management, being aware of the change in the law effective July 1, 1967 and having in mind the prior dealings with the Securities and Exchange Commission and its subsequent legal opinions, recommended in its notice of annual meeting scheduled for April 27, 1967 that Hecla's articles be amended to reflect specifically the straight voting method. The purpose was to make clear the shareholders' voting rights and avoid any misunderstanding or misinterpretation of the present and future effective corporation laws of Washington. At the annual meeting the shareholders, by a vote of almost three to one, amended the articles as recommended by manage-

ment. The amendment was filed with the Secretary of State on July 3, 1967.

Golconda contends this amendment was ineffective because Hecla shareholders obtained a vested right to vote on a cumulative basis under the provisions of the act of 1933; the right to cumulate their votes could not be divested without unanimous vote of all the shareholders; and further, the shareholders' action was taken prior to the effective date of the act, July 1, 1967. In view of our holding with respect to the amendment as to duration in 1935 and subsequent mergers, this contention is without merit.

Our review of the record discloses Hecla shareholders in 1967 sought only to specifically provide in the articles for straight voting method, and to remove any confusion resulting from the events surrounding prior proxy statements. Thus, the amendment is valid without reference to the act of 1967.

Judgment affirmed.

MUNSON, C.J., and EVANS, J., concur.

Petition for rehearing denied April 5, 1971.

Review granted by Supreme Court June 18, 1971.